# HARRY W. SMITH *vs.* HENRY M. LORD, ADMINISTRATOR, ET AL.

*Writ of Injunction Issued by Clerk of Court Different from Writ Ordered by the Court—Ruling on Appeal Declaring Plaintiff Entitled to Injunction as Granted—Conclusiveness of Decision on Appeal.*

A bill for an accounting, injunction, etc., alleged, among other things, that the defendant had purchased certain real estate in his own name with money belonging to the plaintiff, and prayed for an injunction restraining the defendant from disposing of said property. The order of the Court below directed that an injunction be issued "as prayed in said bill." The writ as issued by the Clerk of the Court enjoined the defendant from doing certain things, but made no mention of the said property. Upon appeal, this Court ruled that the plaintiff was entitled to the injunction as originally granted, and the case was remanded for further proceedings. *Held.* that the injunction to which the plaintiff was entitled under that decision was not the injunction issued by the Clerk, but the injunction ordered by the Court, and that consequently another injunction, restraining the defendant from disposing of said property, is in conformity with the opinion of this Court, and its propriety will not be inquired into upon appeal from an order directing its issue.

The decision of this Court, once made, is, in subsequent proceedings in the same cause, binding on this Court, as well as on the Court below.

*Decided December 9th, 1909.*

Appeal from the Circuit Court of Baltimore City (HEUISLER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE and THOMAS, JJ.

*William A. Wheatley,* for the appellant.

*J. Kemp Bartlett* (with whom was *Wm. S. Bansemer* on the brief), for the appellee.

THOMAS, J., delivered the opinion of the Court.

When this case was before this Court in 109 Mdd. 42, we said that the plaintiff was entitled to the "injunction as originally granted and to the accounting as prayed in the bill of complaint," and the decree of the Court below was accordingly reversed, and the case was remanded for further proceedings in accordance with the views expressed in the opinion in that case. Thereupon, on the petition of the plaintiff, the Circuit Court of Baltimore City passed an order making perpetual the injunction issued on the 24th of December, 1907, and further restraining the defendant from attempting to dispose of the property situated on Guilford avenue, in Baltimore City, mentioned in the bill of complaint, and requiring the defendant to discover, etc., the amounts of money due C. W. Lord and Company. From this order the defendant has appealed on the ground that that part of the order which restrains the defendant from disposing of the property on Guilford avenue is not in accordance with the views expressed by this Court on the former appeal.

The injunction which we said the plaintiff was entitled to was the "injunction as originally granted," and in order to ascertain what that was we must refer to the record in that case.

In the 15th paragraph of his bill, which was filed on the 24th of December, 1907, the plaintiff alleged that on or about the 1st day of October, 1907, the defendant purchased with $1,750.00 of the plaintiff's money the ground rent or reversionary interest in the property known as No. 2318 Guilford avenue, in Baltimore City, and that he therefore holds said

property "upon an implied trust for the benefit of the plaintiff."

The prayer for an injunction was, among other things, that "pending these proceedings, the said defendant" be further enjoined "from alienating or disposing of" the property on Guilford Avenue, mentioned in the bill; and the order of the Court granting the injunction was as follows:

"Ordered by the Circuit Court of Baltimore City, this 24th day of December, 1907, that an injunction, prohibitory and mandatory, as prayed in said bill, issue against the defendant, Henry W. Smith, upon the filing by complainant of a bond in the penalty of $5,000.00, with surety or sureties thereon approved by the Clerk of this Court, provided that leave is hereby reserved to the defendant to move for a dissolution of this injunction at any time after filing his answer to said bill, upon giving the plaintiff five days' notice of such motion. And the Clerk is hereby directed to annex a copy of this order to the writ of injunction."

This was the only order granting an injunction passed in the case, and as it directed the writ to issue as prayed in the bill, it is clear that the injunction granted by the Court below enjoined the defendant from disposing of the property on Guilford avenue. It further appears, however, from that record that the writ of injunction issued by the Clerk made no mention of the Guilford avenue property (which fact was noted in the opinion in 109 Md.), and the appellant therefore contends that the injunction which this Court decided the plaintiff was entitled to was the injunction issued by the Clerk. But this contention is not supported by anything that was said in the opinion on the former appeal. The Court referred to the prayer for an injunction, and observed that the injunction issued by the Clerk followed the order of Court "except as to the prohibition against the disposition of the lot on Guilford avenue," and then, after considering the evidence in the case, said, in conclusion, that the plaintiff was entitled to the injunction as originally granted. The injunction *granted* was the injunction granted by the order

of Court, and the Clerk in issuing the writ should have fol-
lowed that order and had no authority to grant any other or
different relief.  Attention having been directed to the fact
that the writ issued by the Clerk did not correspond with
the order of the Court below, if this Court had intended to
limit the appellant's right to an injunction to the injunction
as *issued by the Clerk,* it would have said so instead of say-
ing that he was entitled to the injunction as originally
granted.

We cannot go into the record of that case with the view of
changing or modifying the decision of this Court, but can
only look to it in order to determine what was there decided.
In *Abraham v. Trust Co.,* 86 Md. 254, this Court said: "But
apart from all these considerations we are of opinion there
is no authority in this Court to change or modify the order
of the 24th of March.  The appellants concede it is conclu-
sive on the lower Court.  That it is also binding on this
Court we deem equally clear.  In *Waters* v. *Waters,* 28 Md.
22, this Court thus stated the principle: 'No principle,' they
said, 'is better established than that a decision of the Court
of Appeals, once pronounced in any case, is binding upon the
Court below and upon this Court in the subsequent proceed-
ings in the same case, and cannot be disregarded or called in
question.  It is the law of the case binding and conclusive
upon all parties, and not open to question or examination
afterwards in the same case.' "

The prayer of the bill was for an injunction restraining
the defendant from disposing of the Guilford Avenue prop-
erty, and the order of Court granted the injunction *as prayed
in the bill,* and, as we said in 109 Md., that the plaintiff was
entitled to the injunction "as originally granted," we cannot
on this appeal modify that decision, and must, therefore, af-
firm the order appealed from.

> *Order affirmed, with costs, and case re-
> manded.*