ANTHONY BRIDENDOLPH *vs.* DANIEL ZELLER, ET AL., EXC'RS of JACOB ZELLER.

This court cannot, upon a writ of error, reverse any judgment on any point or question which was not directly presented to, and decided by, the court below, appeals and writs of error being put upon the same footing by the act of 1825, ch. 117.

An appellant must bring up on his first appeal all questions then decided by the court below, and he cannot by a second appeal or writ of error, without any further proceedings below upon which to base it, bring up a question which he might have brought up on his first appeal.

ERROR to the Circuit Court for Washington County.

This case is the same as that reported in 3 *Md. Rep.*, 325, with the exception that the present record states that to the first *sci. fa.* the sheriff, when called, answered *"nihil,"* which was forthwith entered upon the docket, but made no *written* return endorsed upon the writ, (the second *sci. fa.* was, as in the previous record, regularly returned *"nihil;"*) and that Bridendolph also made a motion to strike out the judgment *fiat,* which the court overruled. Since the former appeal no further proceedings were had in the court below; and the case is now brought up by a writ of error sued out by Bridendolph, on the 2nd of September 1852, returnable the first Monday of December following, to correct alleged errors in the judgment *fiat* of 1849. There is nothing in the record to show when this writ was served upon the court below, except the statement of the clerk in the commencement of the record, that the proceedings occurred "at a circuit court, &c., begun and held, &c., on-

the fourth *Monday of March* 1852." The defendants in error moved to quash the writ for reasons appearing in the argument.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Richard H. Alvey* and *J. Dixon Roman* for the defendants in error, and in support of the motion to quash, insisted that the writ should be quashed, because—

1st. It does not appear from the record that the writ of error was produced to, and allowed by, the inferior court *before* the return day of said writ, or that it was ever allowed by said court. 1 *H. & J.*, 340, *Cummings vs. The State.*

2nd. The writ was sued out under the circumstances of the case improperly and improvidently, and the proceeding taken under it is vexatious and oppressive to the defendant in error. This court is called upon the second time to adjudicate upon the same question, upon the same record, and for this reason the writ should be quashed. 3 *Johns. Rep.*, 554, *Hartshorne, et al., vs. Sleght, et al.*

3rd. The judgment was rendered in the case *by default*, and no writ of error lies upon such judgment. 1 *Bland*, 5, *Ringgold vs. Ringgold.* 5 *Gill*, 109, *Clark vs. Digges.*

Upon the merits of the case they argued:—

1st. That there is no error or irregularity in the proceedings below that can be corrected in this court under the writ of error. No error or irregularity that may exist in the original judgment of 1837 can be brought into review here, or be assigned for error in the judgment or the *scire facias* in 1849. The review here is confined to the *scire facias* judgment of November term 1849, and unless it appear from the record that the point or question upon which the reversal is sought was presented to the court below and that the judgment was rendered upon such point or question, no review is allowed here, although there may be irregularities in the proceedings. The *scire facias* recites a good judgment and no assignment can be made contrary to it.

2nd. The motion in the court below to set aside or strike

out the judgment on the *scire facias* is not a subject of review under the writ of error in this case. Error does not lie from the refusal of the court to strike out the judgment, nor can the refusal be assigned for error brought on the original judgment. 9 *Gill*, 246, *Cushwa vs. Cushwa. Comyn's Digest*, 459. 1 *Tidd*, 561, 562. 10 *Wend.*, 411, 425, *Whitney vs. Sutton.* 2 *H. & G.*, 374, *Munnikuyson vs. Dorsett.* 8 *Gill*, 187, *Tuck vs. Boone.*

3rd. This court, in reviewing a record under a writ of error, is confined to questions of law, and under our acts of Assembly such questions as have been distinctly raised and decided upon by the court below, and no matters of fact can be looked to or adjudged upon by this court.

4th. Judgments at law are not lightly to be interfered with, and every intendment is made in their favor. And even to admit that the motion for striking out the judgment or *scire facias* could be reviewed here under this writ of error, still, according to the former adjudications of this court, the motion could not be sustained. Because in the first place the motion is predicated upon what is supposed to be an irregularity in the original judgment of 1837, when, according to the authorities, that judgment cannot be brought into review here in this proceeding. And in the next place, the fact of Bridendolph having proceeded in equity to stay proceedings on the judgment, and alleged for cause, not only irregularities, but that the said judgment had no legal existence, would of itself be sufficient ground for refusing the motion.

5th. That the application to strike out was not made in time, it should have been made immediately and before any other step had been taken on the judgment.

*Jervis Spencer* for the plaintiff in error. The plaintiff in error has made several efforts to obtain redress for a manifest and gross irregularity and abuse of the court, and if the proceedings are vexatious they are not less so to him than to the defendant in error. The difficulties hitherto have been upon the technical ground, that the proper remedy has not been pursued. As, therefore, the merits of the questions now at

issue have never been finally decided, it is the unquestionable right of the plaintiff to have them adjudicated. It would introduce a new feature in practice and pleading if the *non pros.*, or dismissal, or quashing of a misconceived or inadequate writ or remedy, or any number of them, could be set up as a defence and ground of quashing the proper writ or remedy when adopted. The rule is not only that the question at issue should have been decided to sustain a plea or motion upon a former adjudication, but that it should have been the *very identical question* and no other. 4 *G. & J.*, 355 to 360, *Shafer vs. Stonebraker.* 11 *G. & J.*, 182, *Garrott vs. Johnson.* The most liberal indulgence is given in these proceedings for the correction of errors. 2 *Tidd*, 1137, 1154. 1 *Archbold's Pr.*, 251. This is not like the case in 3 *Johns. Rep.*, 554, where the court had already decided the same points in the proper mode of proceeding.

In reply to the first reason urged for quashing the writ, it will be seen that the clerk certifies that it issued on the 2nd of September 1852, and he also certifies that the said writ was *"in the record of proceedings"* of the circuit court for Washington county, at the March term thereof, in the year 1852. By the laws of this State, which this court will notice *ex-officio*, March term expired in November, and the term of the Court of Appeals, to which the writ was returnable, commenced in December. That it was allowed by the court is a legal conclusion, and ascertained in the only way required by the law— *the certificate of the clerk.* 5 *H. & J.*, 330, 331, *State vs. Buchanan.*

Three questions remain:—1st Whether on this writ of error we can go back to the original judgment or can inquire if there be in fact any judgment? 2nd. Was there a return of *nihil* before the second *fi. fa.* issued? 3rd. Can we be relieved in this proceeding of the errors of which we complain?

1st. That the original judgment, when there is one, is the whole body of the case, and where there is none the case on *sci. fa.* can have neither body or substance, are propositions clearly established by the cases of 4 *Ohio Rep.*, 397, *Wolfe vs. Pounsford.* 7 *Verm.*, 52, *State Treasurer vs. Foster.* 2

*Strobhart,* 218, *Ingram vs. Belk.* That the original entry in this case had none of the characteristics of a judgment, see 7 *Missouri Rep.,* 577, *Fugate vs. Glasscock.* 4 *Do.,* 316, *Hill vs. Fiernan.* 3 *Green N. J. Rep.,* 435, 436. These cases establish the affirmative of the first question.

2nd. That the mere parol answer of the sheriff can be no return is manifest. He could not be sued upon it. Even if entered by the clerk upon the docket it is a mere memorandum of what was done and does not constitute the *factum* of the return, which must be done in writing by the sheriff in an official mode, capable of being made a matter of record. *Sewell on Sheriffs,* 385. I assume, therefore, there was no return of *"nihil"* to the first *sci. fa.,* and that the *fiat* is void, being rendered without appearance, or actual or constructive notice, even if there had been a good original judgment. 9 *Cranch,* 144, *The Mary.* 3 *Arkansas Rep.,* 535, 537, *Woods, Ex parte.* 5 *Eng. Rep.,* 572, *Gibson, Ex-parte.* 11 *Howard,* 437, 459, 460, *Webster vs. Reid.*

3rd. It is said we cannot be relieved in these proceedings:—1st, because under the act of 1825 this court cannot consider any points not made in the court below; and 2nd, that a motion to strike out the *fiat* on the ground of irregularity is not a subject of appeal. These propositions, if true, are startling. A clerk enters a fictitious judgment against a party not in court —the lower court refuses to strike it out and there is no redress —no appeal. I doubt very much, even without a motion to strike out and reinstate, if an improvident and false judgment should clearly appear upon the face of the record, it would not be set aside upon error; see *Judge Chambers'* remarks upon the purpose of the act of 1825, in *Leopard vs. The Canal Company,* 1 *Gill,* 232, *et seq.* But the point was made to the court in the only way in which it was capable of being made, by a motion to strike out the judgment for surprise and *irregularity,* and the decision upon this is presented by the writ of error. 4 *Gill,* 312, *Schleigh and Kershner, vs. Hagerstown Bank.* 1 *Archbold's Pr.,* 251. As to the pendency of the bill in equity, it has no application to *this* question and could have none. The proceedings were upon totally different grounds.

Bridendolph *vs.* Zeller's Exc'rs.

Le Grand, C. J., delivered the opinion of this court.

When this case was before us, at December term 1852, we indicated the proper course to be pursued by the appellant, which was, to proceed under the act of 1787, ch. 9. The opinion was expressed on the condition of the record, which showed that a *fiat* had been entered on the return of one *nihil.* The record *now* before us shows that this was not the case, and that there was a second entry on the docket of "*nihil;*" and, also, that the appellant did file a motion to strike out the judgment *fiat.* Had his motion prevailed, he could have appeared to the *sci. fa.* and pleaded *nul tiel record,* which would have brought directly before the court the existence of the original judgment, and this would have given him every right to which he was entitled. But the court, as it appears from the record now before us, overruled the motion. Instead of appealing from this decision, the appellant sued out a writ of *error coram nobis.* Failing in the prosecution of that writ, he has sued out of chancery a writ of error, on which the record is now before us. We think, apart from all questions of form and time, that he can take no advantage from it. There is no *point* presented to us in the record on which the court below acted, and which we are now permitted to revise. The act of 1825, ch. 117, expressly inhibits this court from reversing any judgment, on any point or question, which was not directly presented to and decided by the court below. The only exceptions to the rule are demurrers and motions in arrest of judgment, and a writ of error is neither of these. The act of 1825 puts appeals and writs of error on the same footing. What are the points before us? Are we to revise what we have decided on the former appeal? Or, are we to decide every question which might have arisen out of the record and been decided by the court below? Certainly not. The writ does not open the whole record any more than would an appeal. The writ of error in terms confines the court to errors in the judgment of *fiat* of 1849. What is the error complained of? It is that no valid judgment was entered in 1838, and the refusal of the court to strike it out.

This might have been shown by a plea to the *sci. fa.* But, it is said, there was no proper return of the *sci. fa.*, and he could not plead. If this be so his remedy would be to strike out the judgment. It appears a motion was made to strike out the judgment and overruled. From this action of the court no appeal was taken, and nothing has been done since. the case was last before us which presents any new question, and it cannot be argued with any plausibility that if by this writ of error any question be presented, it can be any other than the motion to strike out the *fiat.* If the party had seen proper to do so, he might have brought up this question on his former appeal, and failing to do that he cannot now obtain relief by another appeal or writ of error.

In *Duvall vs. The Farmers Bank of Md.*, 9 *G. & J.*, 51, the court did consider questions arising in that appeal, which appeared in the record on a prior appeal in the same case; but it was gravely argued, that it could not be done, although it seems the court, in their former opinion, expressly waived an examination of those matters, and the court seem to rely upon that waiver on their part, as the reason why they would then examine and decide the questions. In *Tolson vs. Tolson*, *et al.*, 8 *Gill*, 389, the court refer to *Duvall vs. The Farmers Bank*, and recognise the right of the court, on a second appeal, to look into and decide questions involved in the record previously brought up, when a decision of those questions was not made upon the former appeal. But it is to be observed that in both those cases, after they were returned to the courts below, further proceedings were had, giving new grounds for the second appeals. Here, however, nothing was done in the court below since the time of taking the first appeal. In each of the cases referred to the questions considered on the second appeal appeared in the record on the first. In one of them we have seen that the court designedly avoided making a decision. In the other it does not appear why the questions were not decided on the first appeal. In the present case the question now presented did not appear

in the former record, although it had been previously decided below.

If such a proceeding as this can be sustained, it will be apt to introduce very serious delay in bringing suits to a final termination, and occasion very heavy accumulations of costs.

The case of *Duvall vs. The Farmers Bank*, does not assert the doctrine, in unqualified terms, even in such a case as that, where further proceedings had taken place after the first appeal, that the court will examine on the second, questions which were presented, but not decided, on the first. For they say: "Looking to the fact, that in expressing our former judgment, we expressly waived an examination of the law involved in those exceptions, and did, in truth, never examine, or in any manner decide it, on that appeal, we cannot concur in the argument that such judgment shuts the door to an examination thereof on this appeal." And on page 50, they assign as the reason for not having examined those questions on the former appeal, that they considered it unnecessary to do so, believing they would never arise again.

But admitting, to the most unqualified extent, that where, subsequent to the first appeal, further proceedings have taken place, on which an appeal might be taken, questions decided below, prior to the first, but not in that examined, may be considered in the second, still that principle would not cover the present case, where the very question now raised was decided before the former appeal, and nothing since has been done in the court below. To require the appellant in such a case to bring up on his first appeal all questions which had been previously decided, would be no denial of justice to him, whilst to permit him to bring up one question and await the decision of that, and then bring up another, and yet another, as he might see fit, would work great injustice to the appellee. For if a party, under such circumstances, is entitled to two appeals, the same rule would allow him any number, to the extent of the questions decided below. And if the appellant be a defendant below, with a heavy judgment against him, he will, of course, make as many appeals as possible,

if for no other reason, for the purpose of delaying payment as long as possible.

For these reasons, we think the writ of error should be quashed.

*Writ of error quashed.*