# GEORGE H. H. MOORE

## *vs.*

## EQUITABLE ICE COMPANY ET AL.

*Enrolled decrees: review of—; mistake of counsel, no ground for—.*

A decree or decretal order, after enrollment can be revised or annulled only by a bill of review or original bill and not by petition merely.                                        p. 560

The exceptions to the rule are where the case was not heard upon its merits, where the circumstances are such that the Court is satisfied the decree should be set aside, and where the decree was entered by mistake or surprise.          p. 561

Where the plaintiff's counsel in preparing the decree to enforce a mechanics' lien, allowed interest only from the date of the decree, instead of from the date of filing his claim, as would have been allowed by law, no such case of mistake is presented as to make an exception to the general rule against opening decrees after enrollment on petition merely.      p. 561

*Decided December 13th, 1917.*

Appeal from the Circuit Court for Prince George's County. In Equity.   (BEALL, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Clarence M. Roberts,* for the appellant.

*Jackson H. Ralston* (with whom was *Wm. G. Richardson* on the brief), for the appellees.

PATTISON, J., delivered the opinion of the Court.

The appellant on the 22nd day of November, 1912, filed and had recorded in the office of the clerk of the Circuit Court for Prince George's County a mechanics' lien against the Equitable Ice Company, C. Frank Carr and C. Frank Carr & Co., for labor and materials furnished in equipping and remodeling their ice plant and property. On the 23rd day of December of the same year he filed his bill in equity in the Circuit Court for said county asking for the enforcement of his lien, and on the 15th day of June, 1915, that Court passed a decree, by which it adjudged, ordered and decreed that unless the aforementioned defendants, within thirty days from the date of the decree, paid to the plaintiff the amount of said lien claim with interest thereon *from the date of the decree* and cost of suit, the property mentioned in the proceedings should be sold, for the payment of said lien claim, interest and cost.

From that decree an appeal was taken to this Court, which resulted in the affirmance of the decree. After the passage of said decree in the lower Court, the property, upon which the lien rested, was sold to the appellee, the Hyattsville Ice Company, and upon the affirmance of the decree by this Court, the property was thereafter sold under said decree, and an audit made and filed distributing the proceeds of sale. At this stage of the proceedings a petition was filed by the appellant asking the Court to amend its decree of June 15th, 1915, by striking out the provision allowing interest upon the lien claim only from the date of the decree, and ordering that interest be paid thereon from the date of the filing of the lien claim for record on November 22nd, 1912.

The prayer of the petition is based upon the allegation "that through a mistake or oversight in the preparation of said decree, the said decree provided that interest should be paid on the amount as claimed in said mechanics' lien from the date of said decree; but that your petitioner, who is plaintiff in the above entitled cause, is advised that he is entitled to receive interest on the amount of his claim from the date

of filing his lien of record, to wit: November 22nd, 1912, against the property mentioned in the above entitled cause as shown by said mechanics' lien and not from the date of said decree, whereas, through a mistake or oversight in the decree, it only provided that he should receive interest on said amount from the date of said decree."

The Court on the 13th day of February, 1917, passed an order denying the prayer of the petitioner and on the same day passed a further order directing that "the cause be referred to the auditor to re-state Account 'A' in accordance with his order and a former order of this date as to interest; the said auditor to allow interest from the date of the decree to the time of stating the account"; and on the same day a third order ratifying and confirming the audit and account so made was passed.

It is from these three orders that the appeal in this case is taken.

The question presented is whether the enrolled decree of June 15th, 1915, can be amended upon the petition filed by the appellant.

The general rule, so many times stated by this Court, is that a decree or decretal order, after enrollment, can be revised or annulled only by a bill of review or original bill and not by a petition, but there are exceptions to the rule, equally well established as the rule itself, which are generally classified as follows: (1) In cases not heard upon the merits; (2) Where the circumstances are such as to satisfy the Court that the decree should be set aside, and (3) Where the decree was entered by mistake or surprise.

As was said by CHIEF JUDGE BOYD in the recent case of *Whitlock Cordage Company* v. *Hine,* 125 Md. 102, it must be confessed that it is not always easy to determine under the authorities when a petition to rescind an order or set aside a decree, which has become enrolled, should be entertained.

In determining this question we must consider the facts and circumstances of each particular case to ascertain whether it falls within any of the enumerated exceptions to the rule.

From the history of this case it is clear that it does not fall within the first exception, for it has been fully heard upon its merits; nor does it fall within the second exception as the circumstances of the case do not satisfy us that the decree should be set aside, but on the contrary, a modification of the decree allowing interest on the claim from the date it was filed for record, would work a manifest injustice to the Hyattsville Ice Company, the purchaser of the property after the passage of the decree in which the interest on the claim is allowed only from the date of the decree. Therefore it remains to be seen whether it falls within the third exception. It is upon this exception that the appellant, as we understand him, relies in his efforts to rescind the order under the petition filed. This exception as we have said is where the decree is entered by mistake or surprise.

The alleged mistake it seems consists of the fact that the decree prepared by plaintiff's counsel allowed interest on the claim only from the date of the decree, when under the law, as the plaintiff is advised, he is entitled to interest on his claim from the filing of it for record. The logical inference to be drawn therefrom is that since the preparation and passage of the order, he has discovered that he is entitled as he is advised, to interest on his claim from the date it was filed, a time long ante-dating the decree; or if this fact was at that time known to him, he failed to be governed by such information and misapplied the law. In either event the mistake is not one falling within the exception to the aforesaid general rule. It is immaterial in this view of the case whether the rule in regard to interest on mechanics' liens is correctly set out in the decree or not; and this opinion is not to be construed as modifying or limiting the rule as to interest established by the decisions of this Court.

The orders should therefore be affirmed.

*Orders affirmed, with costs to the appellees.*