UNION TRUST CO. OF MARYLAND *v.* HARRISONS' NURSERIES, INC.

[No. 78, October Term, 1942.]

*Decided January 12, 1943.*

The cause was argued before SLOAN, JOHNSON, DELA-PLAINE, COLLINS, and GRASON, JJ.

*Walter H. Buck* and *Eben F. Perkins* for the appellant.

*Edmond H. Johnson* for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Worcester County in equity, and it is the second time this case has been before this court.

On December 2, 1929, Harrisons' Nurseries, Inc., appellee here, executed a deed of trust to the Union Trust Company of Maryland, a corporation, trustee, appellant here, to secure an issue of not over $200,000 of 6 per cent. first mortgage bonds. At the time the deed of trust was executed, the appellee was indebted to the Union Trust Company of Maryland, as a banking institution, in the amount of approximately $35,900 and to other creditors in the amount of $56,000, making a total indebtedness of $82,900. Bonds in the amount of $36,000 were deposited with the said Union Trust Company of Maryland, as a banking institution, by the trustee as collateral security for its ninety-day note of $35,900. Bonds were issued to other creditors for their indebtedness in the amount of $56,000, and bonds were sold in the amount of $27,000, making the total bonds issued and outstanding $119,000 shortly after the execution of the mortgage.

Subsequently thereto, the Union Trust Company of Maryland, as a banking institution, without any author-

ization from the mortgagor, but advising it of the action taken, appropriated the $81,000 of additional bonds in its hands as trustee as additional collateral security and in 1931, held $117,000 of the bonds as collateral security for a note of $35,900. From that time on the appellee borrowed from the Union Trust Company various sums of money, executing new notes therefore. On September 27, 1941, the Union Trust Company, trustee, filed a petition for the foreclosure of the deed of trust and alleged in its petition that the entire indebtedness of the $200,000 was in default. The Exchange and Savings Bank of Berlin, Maryland, being a party in interest, obtained permission to intervene and filed an answer in which it alleged that the total mortgage indebtedness was not $200,000, but $119,000. The chancellor in that case held that the amount of bonds issued and outstanding was $119,000. On appeal, being the case of *Union Trust Co. of Maryland v. Harrisons' Nurseries, Inc.*, 180 Md. 651, 26 A. 2d 812, 814, this court held that "the decree appealed from should be so amended as to declare that the amount of bonds issued and outstanding is not $119,000, but that amount plus such additional bonds as represent the amount of moneys as was loaned or advanced by the trust company after the loan of December 2, 1929." The case was remanded for further proceedings and the chancellor below, after taking testimony, was of the opinion that, as the only unpaid loan made since the loan of December 2, 1929, was that of $10,000, which had been reduced to $4,608.72, plus accrued interest thereon, the equivalent of that loan in bonds is $10,000 and thereupon decreed that the amount of bonds issued and outstanding was the $119,000 plus the $10,000, making a total of $129,000. An appeal is taken to this court in this case from that part of his decree.

The main question for our decision in the case now before us is whether the $10,000 in bonds represent "the amount of moneys as was loaned or advanced by the Trust Company after the loan of December 2, 1929."

The testimony before the chancellor showed that the peak of the loans made by the Union Trust Company to appellee after December 2, 1929, was $68,643.71. Before the petition for foreclosure was filed starting this litigation, all of these loans had been paid with the exception of a $10,000 note which had been reduced to $4,608.72 with interest. The appellant in this case contends that, because there is evidence that the bonds are worth only ·25 per cent. of their original value and because the bank had loaned as high as $68,643.71 to the appellee, the $81,000 in bonds in dispute should be held by the appellant as collateral for the loans made after December 2, 1929, under the decree of this court, in spite of the fact that before the filing of the petition, all of the loans made after December 2, 1929, had been paid except one represented by a $10,000 note, which as aforesaid mentioned, had been reduced to $4,608.72 with interest. We cannot agree with this contention of the appellant. The measure of security fixed by this court was such additional bonds as represent the amount of money as was loaned or advanced by the Trust Company after the loan of December 2, 1929. Words are to be given their natural or ordinary meaning. *Lake County v. Rollins,* 130 U. S. 662, 670, 9 S. Ct. 651, 32 *L. Ed.* 1060; *Morrison v. Baechtold,* 93 Md. 319, 330, 48 A. 926. It would not be equitable to allow the appellant to hold collateral for loans which had been paid. *Mangels v. Tippett,* 167 Md. 290, 300, 173 A. 191. The measure given by this court in the former case applied to the testimony now before us is ample justification for the finding by the chancellor that $10,000 in bonds represent "the amount of moneys as was loaned or advanced by the Trust Company after the loan of December 2, 1929" and adding this amount to the $119,000 outstanding on December 2, 1929, the chancellor was correct in decreeing that the amount of bonds outstanding is $129,000 and that part of his decree should therefore be affirmed.

The final matter raised by the appellant is the failure of the chancellor to provide in his decree for interest at

6 per cent. on the overdue and unpaid coupons. Article III, Section 3 and Section 11 (second) of the deed of trust provide for interest at the rate of 6 per cent. on the overdue installments of interest and this is therefore an essential part of the agreement and should be allowed. The appellee, being a corporation, cannot raise the question of usury. Code, 1939, Article 23, Section 129. The decree of the chancellor should therefore be amended by adding, as Subsection "c" under paragraph 4, a provision for interest at 6 per cent. on overdue and unpaid coupons and provision for such interest should be made in paragraph 6 of the decree.

> *Decree affirmed in part and reversed in part and case remanded for the passage of a decree to conform with the opinion herein expressed, the costs to be paid out of the proceeds of the mortgagee's sale.*