## PASAREW CONSTRUCTION COMPANY, INC. *v.* TOWER APARTMENTS, INC.

[No. 43, October Term, 1955.]

*Decided December 2, 1955.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Donald H. Rothman,* with whom were *Gordon, Fein-blatt & Rothman* on the brief, for the appellant.

*W. Lee Harrison* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree of the Circuit Court for Baltimore County, in equity, passed on April 25, 1955, amending its previous decree in response to a mandate of this Court issued in an earlier appeal in the same case reported in 205 Md. 566. The appellant contends that the mandate left open the question of interest on a mechanics' lien claim, and that the Chancellor erred in declining to allow interest.

On May 6, 1952, the appellant, a general contractor, filed a mechanics' lien in the court below, against a

dwelling it had built for the appellee, in order to secure payment of the sum of $19,938.30. After trial, the Chancellor entered a decree on January 28, 1954, in the amount of $11,567.08, without interest, to be paid in full satisfaction of the lien, upon tender of the proper releases, the court retaining jurisdiction to entertain an application for sale of the premises in default of payment and release. Upon appeal, and cross-appeal, we held that the Chancellor erred in reducing the builder's fee specified in the contract from $5,000 to $2,500, and in disallowing a labor item of $1,500. Accordingly, on December 10, 1954, we entered an order in this form: "Decree reversed, with directions to increase the amount payable to the plaintiff by $4,000, costs of this appeal to be paid by the appellee." Upon remand and after full consideration of a petition claiming interest from May 6, 1952, the Chancellor simply amended the prior decree to increase the award by $4,000, without change in other respects.

The appellant contends that it is entitled to interest as a matter of right, from the date of filing its lien claim. In *German Luth. Church v. Heise,* 44 Md. 453, 472, Judge Alvey, reversing the decree appealed from, held that interest should be allowed from the time of filing the lien claim for record, although not charged or claimed in the account. Again, in *Hensel v. Johnson,* 94 Md. 729, 737, a decree that allowed interest only from the date of the last item in the account was reversed to allow interest from the date of filing the mechanics' lien claim. Code (1951), Art. 63, sec. 26, authorizing an owner to pay into court the amount claimed by a lienor, including interest and costs, at least tacitly recognizes a right to interest. The appellee does not appear to challenge the correctness of the rule adopted in these cases, although it relies upon the general rule that the allowance of interest in equity is discretionary, and argues that the decree lacks the attributes of a money judgment, since the proceeding is *in rem.* Cf. *Gaybis v. Palm,* 201 Md. 78, 83. Its chief contention is that the claim of interest, made

by petition after remand under the mandate of this Court, comes too late.

In *Moore v. Equitable Ice Co.*, 131 Md. 558, after the affirmance of a decree in a mechanics' lien case, allowing interest from the date of the decree, and after the property had been sold to the appellee, the appellant, by petition, sought the allowance of interest from the date of filing. On a second appeal, it was held that the alleged mistake in failing to claim interest from the earlier date was not one falling within the exception to the general rule forbidding the opening of an enrolled decree. While the case is distinguishable on the ground that the decree was enrolled and the rights of third parties might have been affected by an opening of the decree, we find no intimation in the opinion that this Court would have approved a modification of the decree after affirmance, to permit the allowance of interest for a period prior to the date of the decree, even if the petition had been presented before the decree had become enrolled. The most that can be claimed is that this Court left that question open as unnecessary to a decision in the case.

In *Winter's Executors v. Gittings*, 102 Md. 464, a bill was brought to declare the proceeds of certain securities sold by a husband in his life time to be the property of the legal representative of his wife. A decree dismissing the bill was reversed by this Court, and the case remanded for further proceedings with a statement in the opinion that the amount with which his estate should be charged "should be ascertained at $29,000." On remand, the Chancellor passed a decree for the sum of $29,000 "together with interest thereon from the date of this decree". It was held on cross-appeal that the remand for further proceedings did not permit an accounting but definitely fixed the amount to be recovered, and that the decree was in conformity with the mandate, although this Court could have entered a decree without remanding. The appeal challenged the allowance of interest only from the date of the decree, and not from the date of the husband's death. It was held that interest was not

recoverable as a matter of right, under the circumstances of the case, since the amount due could not be definitely ascertained until the passage of the decree. But the Court also said (p. 470) : "Moreover the opinion of this Court ascertained the amount due as $29,000, and said nothing about interest, and in passing its decree the Circuit Court certainly conformed literally to the opinion and decree of this Court in allowing interest only from the date of its own decree." No question was raised as to the allowance of interest from the date of the decree. It seems to have been conceded that since the original bill had been dismissed and this Court remanded for further proceedings after ascertaining the amount to be recovered, the allowance of interest from the date of the decree to be entered was left open. The only contention on the second appeal concerned the claim of interest prior to the date of the decree, and it was held that this was properly disallowed.

In the instant case the decree appealed from in the former appeal fixed the amount payable "without interest", after the allowance of interest had been urged upon the Court by counsel for the appellant, deliberately considered, and expressly denied. Whether the Chancellor was in error is beside the point. It is conceded that the question was squarely raised below and might have been argued on the previous appeal, but that the question was not pressed in this Court either in the briefs or in argument. The appellant contends that upon a second appeal in the same case this Court may properly consider and decide questions involved in the record previously brought up, when a decision of those questions was not made upon a former appeal, citing *Duvall v. Farmers Bank of Md.*, 9 G. & J. 31, 51, and *Tolson v. Tolson, et al.*, 8 Gill. 376, 390.

The holding in the *Duvall* case does not support the broad statement made in the headnote of the case. The court stated that in a former appeal in the same case, involving a suit on a note, it had remanded the case for a new trial before a jury, without considering a defense

on the ground of a lack of demand as likely to arise. Since it had not expressed an opinion on the matter, but on the contrary had expressly reserved decision, the defense was available on the second trial. In the *Tolson* case, this Court reversed the action of the Chancellor in dismissing a bill, after a demurrer to it had been sustained, and remanded for further proceedings. On a second appeal, it was held that the decree remanding the cause, with directions for an accounting, did not preclude the defendants from answering the original bill and making a defense on the merits. This Court cited the *Duvall* case as holding what was too broadly stated in the headnote to that case.

It would appear that the effect of these decisions has been narrowed, if they have not been entirely disapproved, in later decisions of this Court. In *Bridendolph v. Zeller*, 5 Md. 58, 64, both cases were distinguished on the ground that the further proceedings ordered gave new grounds for second appeals. In the case then at bar the Court said: "If the party had seen proper to do so, he might have brought up this question on his former appeal, and failing to do that he cannot now obtain relief by another appeal or writ of error." In *Smith v. Shaffer*, 50 Md. 132, 136, Judge Alvey said: "A party cannot be allowed to prosecute different and successive appeals on the same state of record, unless there have been new proceedings since the last appeal, and then only in respect to questions raised on or by such new proceedings. When an appeal is taken, all the questions which may be properly raised in this Court on the then state of the record, as it may exist in the court of original jurisdiction, must be considered as embraced by the first appeal; and if not then raised and presented for decision, they must be considered as waived. Otherwise, there would be no end of litigation and appeals." We think this is a correct statement of the Maryland law, and it was quoted and applied in *Park Land Corp. v. M. & C. C. of Balt.*, 128 Md. 611, 620, and *Cahill v. M. & C. C. of Balt.*, 129 Md. 17, 20.

The case of *Carrington v. Basshor,* 119 Md. 378, 381, is not to the contrary. There the disallowance of interest covering a period prior to the passage of a decree on remand was affirmed on a second appeal, although the opinion and decree of the Court of Appeals remanding the case had been silent on the subject. While the *Duvall* case was cited for the broad proposition set out in the headnote to that case, the correct rule as stated in *Smith v. Shaffer* was also quoted. The disallowance of interest was held to be in full accordance with the mandate, even though it was contended that interest was recoverable as a matter of right. It is difficult to determine from the opinion whether the Court felt that the contention was correct or not.

The appellant cites *Trust Co. v. Harrisons' Nurseries,* 181 Md. 291, 294, for the proposition that where interest is recoverable as a matter of right, it may be allowed even on a second appeal after remand for further proceedings. But it appears from an examination of the record in that case that both the original and amended decree had called for the payment of interest and the failure to specifically provide interest on overdue and unpaid coupons, as called for in the deed of trust, was a mere oversight on the part of the Chancellor, and its allowance was not contested by the appellee, nor did the appellee at any time invoke the doctrine now under discussion. The rule that questions which might have been, but were not, raised or presented on a former appeal will not be considered on a subsequent appeal, is firmly established by the Maryland cases and is supported by the great weight of authority elsewhere, either as an application of the "law of the case" rule or the rule of *res judicata.* See note 1 A. L. R. 725, collecting the cases, and 3 Am. Jur. §1236.

The appellant argues that the effect of the mandate in the instant case, reversing the original decree, was to reopen the matter of interest, at least from the date of the decree then reversed, even if it is foreclosed from

claiming interest from the date of filing its lien. But this argument overlooks the fact that the reversal was for the limited purpose of increasing the amount of the award by $4,000. The explicit direction to increase the award in the sum specified was in substance and effect an affirmance of the decree in all other respects. We are not here concerned with a question of mere oversight or silent neglect to include what was legally demandable. The Court in its original decree had expressly, and after full consideration, disallowed interest upon any theory, and the question of interest was adjudicated. Yet the question was not argued on the first appeal. In substance, the remand with directions was equivalent to a modification of the original decree and an affirmance of the decree, as modified. The Chancellor was not at liberty to augment the sum awarded. Cf. *Winter's Executors v. Gittings, supra,* and *Briggs v. Pennsylvania R. Co.,* 334 U. S. 304, 306. If the appellant was aggrieved by our order or any part of it, it could have moved for reargument or clarification. Cf. *Park Land Corp. v. M. & C. C. of Balt., supra.* Having failed to press the point at any stage of the first appeal, we think the whole question of an additional allowance for interest was concluded.

*Decree affirmed, with costs.*