MICAJAH P. SMITH AND ELIZA JANE SMITH, his wife, *et al. vs.* CHARLES F. SHAFFER.

*Remanding Causes under sec. 28 of Art. 5 of Code P. G. L.— Law of the Case—When no Second Appeal allowed—Costs— No Appeal from award of Costs in Equity—Interest under a Mechanic's Lien Claim.*

Where there is neither affirmance nor reversal of a decree on appeal, by sec. 28 of Art. 5, of the Code of Public General Laws, it is the duty of this Court, " to express the reasons for the remanding, and also to determine and declare the opinion of the Court, on all points which may have been made before said Court, or which may be presented by the record ;" and the order or decree of this Court is declared to be " conclusive as to the points finally decided thereby."

A party cannot be allowed to prosecute different and successive appeals on the same state of record, unless there have been new proceedings since the last appeal, and then only in respect to questions raised on or by such new proceedings. When an appeal is taken, all the questions which may be properly raised, in this Court, on the then state of the record, as it may exist in the Court of original jurisdiction, must be considered as embraced by the first appeal; and if not then raised and presented for decision, they must be considered as waived.

In remanding causes under the afore cited section and Article of the Code, this Court makes no disposition of the costs; but all the

Smith and Wife, *et al. vs.* Shaffer.

costs of the cause, including those of the appeal remain subject to the final decree that may be passed.

Costs in equity are in the sound discretion of the Court, and from the award of them no appeal lies.

Where under a mechanic's lien claim, interest was charged in the bill of particulars, though there was no amount extended, and the evidence showed that the materials were furnished for cash, interest is properly chargeable on the balance due from the date of the delivery of the last article furnished and charged in the account.

APPEAL from the Circuit Court for Prince George's County, in Equity.

When on a previous appeal this cause was before the Court, it was remanded for further proceedings. The Court below, (MAGRUDER, J.,) thereupon passed a final decree for the sale of the property of the defendants, (the appellants,) to satisfy the mechanic's lien claim of the complainant with interest, and costs to the defendants, and allowed a day before the sale for the payment. From this decree the defendants appealed. The case is further stated in the opinion of the Court.

The cause was submitted to BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J., by *John C. Fay* and *William H. Tuck*, for the appellants, and by *Charles H. Stanley*, for the appellee.

*Charles H. Stanley*, for the appellee, moved the Court to dismiss the appeal:

1st. Because the appellants are not aggrieved.

2nd. And because there has been no proper record transmitted to this Court, by the fault of the appellants.

3rd. And because there can be no appeal to this Court to review a decree passed by the Circuit Court in strict conformity to the views expressed by this Court in delivering its opinion on a former appeal prosecuted by the present appellants against the present appellee.

4th. And because no question can be raised in this appeal, which was considered by the Court on the first appeal, and no new question has arisen or is disclosed by the record.

ALVEY, J., delivered the opinion of the Court.

This case has been in this Court on a former appeal by the present appellants, (46 *Md.*, 573;) and the questions then raised on the record were decided, and without affirming or reversing the decree appealed from, the cause was remanded under the provisions of Art. 5, sec. 28, of the Code, to the end that the proceedings might be so amended as to conform to the opinion then expressed. Upon the cause being remanded, nothing whatever was done in the Court below by way of amendment or further proceedings, except to submit the cause for a new decree, which was passed, on the same state of case that existed when the former decree was passed. This last decree is supposed to be in conformity to the opinion of this Court; but the appellants, contending otherwise, and that there are certain questions still open for review, have brought the case here on a second appeal.

The appellants contend that the decree is erroneous in three particulars: 1. In sustaining the lien for materials furnished prior to April 8th, 1875, as set forth in the lien claim; it being insisted that the notice given of the intended lien was not in time to embrace or extend to articles furnished before that date. 2. In allowing interest on the claim from April 21st, 1875. And 3. In decreeing the costs of the former appeal against the appellants.

1. The question raised on the first error assigned is no longer open on the present record. When this case was here on the former appeal this identical question was not only presented by the record, but was raised and discussed by counsel, and decided by the Court. In disposing of

this particular question on that appeal, this Court said: "The learned Judge of the Circuit Court, in the opinion filed by him, says that the notice was duly given, and that the sale and delivery of the lumber was fully shown. As the record contains none of the proof taken, the statement of the Judge as to what was proven before him is *conclusive.* Upon this appeal, therefore, the materials must be considered as having been delivered under one continuing contract, and the notice as being in time to cover all the items charged in the bill of particulars." And it was not because of the defect of proof in regard to the contract for the materials furnished, or the insufficiency of proof of notice of intention to take the lien as to all the articles charged in the bill of particulars, that the cause was remanded. It was because of other defects apparent in the proceedings. And the question having been thus decided, it is no longer open for review; for notwithstanding there was neither affirmance nor reversal of the decree on the former appeal, by the 28th sec. of Art. 5 of the Code, it was the duty of this Court "to express the reasons for the remanding, and also to determine and declare the opinion of the Court on all points which may have been *made before said Court, or which may be presented by the record;*" and the order or decree of the Court of Appeals is declared to be "*conclusive as to the points finally decided thereby.*"

It is contended, however, that what was said by this Court on the former appeal, in regard to this question, was in the absence and without the benefit of the testimony that the record now presents. But the answer to this contention is, that the testimony embraced in the present record had been taken and returned to the Court below before the making of the decree from which the former appeal was prosecuted, and that it was the fault of the appellants that the testimony now relied on was not before this Court on that appeal. If therefore, the

appellants suffer any prejudice for the want of the evidence on the former appeal, they have no one to blame but themselves.

But, independently of the provisions of the statute, which, as we have seen, are imperative, the general principle applicable to appeals, taken under circumstances like the present, is decisive. A party cannot be allowed to prosecute different and successive appeals on the same state of record, unless there have been new proceedings since the last appeal, and then only in respect to questions raised on or by such new proceedings. When an appeal is taken, all the questions which may be properly raised in this Court on the then state of the record, as it may exist in the Court of original jurisdiction, must be considered as embraced by the first appeal; and if not then raised and presented for decision, they must be considered as waived. Otherwise, there would be no end of litigation and appeals. As was said by this Court, in the case of *Bridendolph vs. Zeller,* 5 *Md.,* 58, 65, to require the appellant in such case to bring up on his first appeal all questions which had been previously decided, would be no denial of justice to him, whilst to permit him to bring up one question and await the decision of that, and then bring up another, and yet another, as he might see fit, would work great injustice to the appellee. For if a party, under such circumstances, is entitled to two appeals, the same rule would allow him any number, to the extent of the questions decided below. And being required to present all questions on his first appeal that had then been decided by the Court below, and which could be embraced by such appeal, it follows that he must bring up such record as will enable this Court to decide all the questions involved, or all such as are intended to be raised in this Court; and if he submits his case on the record that he brings here, and the questions raised are decided against him, he is concluded thereby. Here, the very question now made was before the Court on the former appeal, and was then

Smith and Wife, *et al. vs.* Shaffer.

decided, and the present effort is, by bringing up a part of the record that was omitted from the transcript sent here on the first appeal, to have that question reviewed and differently decided.    Such an effort cannot for a moment be sustained.

2. We find no error in the decree because of the allowance of interest on the lien claim from the 21st of April, 1875.    Interest is charged in the bill of particulars, though there is no amount extended.    And the evidence shows, that the terms upon which the materials were furnished were cash.    Interest, therefore, was properly chargeable on the balance due from the date of the delivery of the last article furnished and charged in the account. This is unlike the case of the *Trustees of the German Luth. Church vs. Heise*, 44 *Md.*, 472, where interest had not been charged in the claim, and there was no evidence to fix the time from which it should be charged other than the time of filing the claim for record.

3. Nor is the decree liable to be reversed because it decrees the costs of the former appeal against the appellants.    By the established practice, this Court in remanding causes under the 28th section of the 5th Art. of the Code, makes no disposition of the costs; but all the costs of the cause, including that of the appeal, remain subject to the final decree that may be passed.    5 *Md.*, 613, 614. Such being the case, the costs of the former appeal as well as the costs incurred in the Circuit Court, were subjects proper to be disposed of by the decree; and it is well settled that costs in equity are in the sound discretion of the Court, and from the award of which no appeal lies. *Mears vs. Moulton*, 30 *Md.*, 145; *Hamilton vs. Schwehr*, 34 *Md.*, 107.

It follows that the decree must be affirmed.

*Decree affirmed*
*with costs, and*
*cause remanded.*

(Decided 19th December, 1878.)