ABRAHAM & STRAUS et al. vs. THE MERCAN-
TILE TRUST AND DEPOSIT CO. and D. K. E
FISHER, RECEIVERS.

*Receivers—Distribution of Funds—Limitation of Time for Filing
Claims—Non-Residents—Prior Decision Binding on Subsequent
Appeal in the Same Case.*

Receivers were appointed by a Court of Equity to wind up the affairs
of an insolvent corporation. The creditors were numerous and the
claims of some of them were contingent and unliquidated. An or-
der was passed in pursuance of the opinion of the Court of Appeals,
directing that a certain fund should be set apart for the payment of
a certain class of claims and that all such claims against the corpo-
ration should be filed on or before a certain day, and providing that
claims not so filed should be barred from participation in the distri-
bution of that fund. Due notice by publication was given of this
order. *Held*,

1st. That the order was valid and proper and in the interest of the
majority of the creditors and that claims filed after the time so lim-
ited could not be received.

2nd. That the fact that certain creditors, who had failed to file their
claims within the time prescribed were non-residents, did not exempt
them from the operation of the order.

The decision of this Court once pronounced in a case is binding upon
the Court in subsequent appeals in the same case. *

Appeal from an order of the Circuit Court of Baltimore
City (DENNIS, J.), dismissing appellant's petition.

The cause was argued before McSHERRY, C. J., BRYAN,
PAGE, ROBERTS and BOYD, JJ.

*Edgar G. Miller, Jr.* (with whom was *Leigh Bonsal* on
the brief), for the appellant.

The Court declined to hear *D. K. Este Fisher* and *Sylvan
Hayes Lauchheimer*, for the appellees.

---

*The conclusiveness of prior decisions on subsequent appeals is the
subject of a note appended to *Hastings* v. *Foxworthy*, 34 L. R. A.
321.

PAGE, J., delivered the opinion of the Court.

In 1893 the Circuit Court for Baltimore City, upon a bill of complaint filed by Isaac R. Trimble and others, passed an order appointing receivers to administer the assets of the Casualty Insurance Company. Many claims were filed and in the distribution many questions arose. The case came before this Court, and is now reported in 82 Md., p. 535, *et seq.* In the course of the opinion delivered in that case the Court uses these words : " There must of necessity be many outstanding and unascertained claims pending against holders of the company's policies, which claims may require some time for adjustment ; but it is of great importance that the company's assets should be distributed at as early a date as practicable, and hence the settlement of its affairs ought not to be postponed to await the determination of every contingency on which its policy engagements are suspended. To obviate all unreasonable delay, and yet to afford an opportunity to each policy-holder, who may be entitled to prove against the company's assets, it will be the duty of the Circuit Court to prescribe by an order that all claims be filed on or before the second Monday of June next or otherwise be barred from participation in the distribution. This may result in cutting out some claims, but that will be unavoidable unless distribution be postponed for a considerable space of time ; and such a course would occasion unnecessary loss to those whose claims are in a condition to be proved. If by that date there should be outstanding claims not reduced to a certain basis, it will be the misfortune of the assured, but there is no way of obviating that misfortune." In the decree passed in the same case, it was among other things ordered, that the special fund, after the proper deductions, " is applicable *solely* to the payment of the lawful claims of policy-holders who shall have duly proven and filed their claims in this cause on or before June 8th, 1896." The case having been remanded to the Circuit Court, the learned Judge of that Court, in pursuance of the opinion and order of the Court of Appeals, on the 14th of

April, 1896, ordered that all claims against the company might be filed on or before the 8th of June, 1896, and that claims not filed on or before the said date shall be barred from participation in the distribution of the company's assets, and further ordered the receivers to give notice of the order by publication of a copy thereof in two daily newspapers published in Baltimore City, once in each of four successive weeks before the first day of June, 1896; which order was duly published in compliance with the terms thereof.

Notwithstanding these clear and specific orders, and the views expressed in the opinion of this Court, the appellants, who are non-residents, and who have failed to file their claims within the prescribed time, have filed a petition in the lower Court, with the view of obtaining a special order permitting them now to file their claims. It is conceded in the petition that " under the order of the Court of Appeals it will be impossible " for the lower Court to do this, and allege that their only remedy is " by this proceeding to appeal to the Court of Appeals from an order dismissing their petition, so that the matter may be brought before the said Court of Appeals in the manner provided by law." The petitioners pray that such order may be passed upon their petition " as may be proper, and that they may have such relief as their case may require."

While we do not think the case is properly before us, for the reasons hereinafter to be given, yet we will say, the grounds upon which the petitioners base their claim to have the period extended for their benefit, do not impress us favorably. It cannot be safely affirmed that a condition of affairs has arisen " wholly beyond the contemplation of the Court in passing its order." The Court had under consideration the method of distributing the assets of the company; it decided that if the liability of the company became fixed before the 23rd November, 1893, the insolvency on that date did not extinguish the assured's claim; and it recognized the fact that many outstanding claims were pend-

ing against holders of the company's policies and these would require time for adjustment; but notwithstanding, it held it to be important that the assets should be distributed at as early a date as practicable, and accordingly, after full consideration, fixed upon a date on or before which the claims could be filed, "or otherwise be barred from participation in the distribution." It thus appears the position reached by the Court was the result of a thoughtful consideration of the whole subject, made with a full knowledge of the existence of many claims, and fully realizing at the time that the order might result in " cutting out some claims," but necessary to avoid unreasonable delay, and to protect the great majority of creditors who would have their claims on file within the prescribed time. The wisdom of these views, we think, is emphasized by the present application. If the petitioners are to be now allowed to come in, it will be a precedent for all other creditors who for any reason whatever have been tardy with their claims. If the time be extended, it is not unreasonable to suppose there will even then be those who will require still more time; and if they are non-residents and for that reason were not informed of the order, or if, for reasons over which they had no control, they were unable to have their claims sooner adjusted so as to be in a condition to file, why would not their equity for a further extension of time be quite as strong as that of the petitioners? In fact an extension of the time now would compel the Court to do away with all requirement as to the time within which claims could be filed; or else, if another date were named, deprive some other creditor equally meritorious as the appellants of the very right which had been accorded the petitioners.

2nd. That the petitioners are non-residents, confers upon them no greater rights or privileges than those enjoyed by citizens of our own State. The notice having been published in compliance with the order, all persons, whether non-residents or not, must be charged with being affected with notice.

3rd. The order of the Court of Appeals was not merely

a requirement upon creditors to file their claims by the day named ; it operated as a bar to those who · did not do· so. The opinion distinctly states that persons must file their claims by the second Monday in June or otherwise be barred from participation.   The order, however, is still more explicit ; it provides that the special fund " is applicable *solely*" to the payment of claims of policy-holders "who shall have duly proven and filed their claims in this cause on or before June 8th, 1896."   The decree of the Court of Appeals is therefore that the special fund is applicable only to the payment of a particular class of claims, that is, claims proven by the day named.   This case therefore is wholly unlike those cases where it is held that creditors may come in at at any time before final distribution, and have a new account at their own expense.

But apart from all these considerations we are of opinion there is no authority in this Court to change or modify the order of the 24th of March.   The appellants concede it is conclusive on the lower Court.   That it is also binding on this Court we deem equally clear.   In *Waters* v. *Waters*, 28 Md. 22, this Court thus stated the principle: " No principle," they said, " is better established than that a decision of the Court of Appeals, once pronounced in any case, is binding upon the Court below and upon this Court in the subsequent proceedings in the same case, and cannot be disregarded or called in question.   It is the law of the case binding and conclusive upon all parties, not open to question or examination afterwards ·in the same case."   *Young* v. *Frost*, 1 Md. 395 ; *McClellan* v. *Crook*, 7 Gill, 333 ; *Hammond* v. *Inloes*, 4 Md. 164 ; *Thompson's Appeal*, 15 Md. 282. These authorities dispose of the case and would require us to affirm the order of the Circuit Court if there were no other reasons for so doing.

*Order affirmed.*