## MORRIS SCHAPIRO, Purchaser,

### vs.

## THE BALTIMORE TRUST COMPANY, Trustee.

*Former Appeal—Conclusiveness of Decision.*

On an appeal by the purchaser of property sold under decree of court, from a decree requiring him to pay the balance of the purchase money without any deductions as claimed by him, *held* that the questions presented in regard to such deductions were raised and decided on a former appeal from an order sustaining exceptions to the sale on the part of such purchaser, and that the decree appealed from was in conformity with the previous opinion and mandate of the Court of Appeals, and must consequently be affirmed.

*Decided March 15th, 1923.*

Appeal from the Circuit Court No. 2 of Baltimore City (STEIN, J.).

Proceeding by the Baltimore Trust Company, Trustee, against the Canton Corn Products Company for the sale of certain property under a mortgage. From a decree directing the purchaser at the sale, Morris Schapiro, to pay the balance of the purchase money, said purchaser appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Edward M. Hammond* and *Alfred J. Shriver,* with whom were *Karr, Hammond & Darnall* on the brief, for the appellant.

*Harry N. Baetjer* and *Joseph France,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This is the second appeal in this case. The first appeal is reported in 140 Md. 557, wherein this Court reversed an order of the Circuit Court No. 2 of Baltimore City, which had sustained certain exceptions of Morris Schapiro, purchaser, to the ratification of a sale of the property here in question to him, and the cause was remanded to the end that the sale last reported should be ratified and confirmed.

On May 10th, 1922, after the mandate from this Court was received by the court below, the sale to Morris Schapiro was in due course finally ratified and confirmed by Circuit Court No. 2 of Baltimore City.

Thereafter, on June 13th, 1922, the appellant filed a petition in the Circuit Court No. 2 of Baltimore City, tendering the sum of $33,749.81, being the difference between the purchase price and the amount of the tax assessed by the United States Government, and asking for an order directing the Baltimore Trust Company, the trustee, to execute and deliver a deed to the petitioner for the property on receipt of this payment.

The trustee also filed a petition for a resale of the property, at the risk of the purchaser, for a failure to comply with the terms of sale.

The petitions were heard on testimony and argument, after which Circuit Court No. 2 of Baltimore City directed that the appellant, the purchaser of the property, pay to the trustee the balance of the purchase money under his contract, according to the following decree passed on the 2nd day of August, 1923:

"Decree.

"The petition of the Baltimore Trust Company, Trustee, filed herein on the 13th day of June, 1922, and the petition of Morris Schapiro filed herein on the same day, each of said petitions having been filed as original petitions, and by agreement of the parties

and by direction of the Court, also as answers each petition to the other, having been read and considered, testimony having been taken in open court on the issues raised by said petitions and answers and counsel for the parties having been heard, it is thereupon, this 2nd day of August, 1222, adjudged, ordered and decreed by the Circuit Court No. 2 of Baltimore City, that on or before the end of five days from the date hereof, Morris Schapiro pay the balance of the purchase money due the trustee in this case under the contract of sale herein, and under the decision of the Court of Appeals filed herein on the 3rd day of March, 1922, with all interest thereon from June 12, 1922. And it is further ordered, that in making up such balance no allowance shall be made to the said Morris Schapiro for any liens on said property, due to the United States of America or to any department thereof, and particularly no allowance shall be made to him for the lien of said United States of America referred to in the decision of the Court of Appeals, and in the said petition of said Morris Schapiro, this Court hereby decreeing that under the terms of said contract of sale, and under the said decision of the Court of Appeals that said Schapiro must pay all such liens, if any; this Court decreeing that it is not necessary or proper for it to determine whether or not the said United States of America or any department thereof has any lien or liens against said property, or any part or parts thereof.

"Provided, however, that no proceedings shall be taken under and by virtue of this order until after the end of five days from the date hereof, and provided further that no proceedings hereunder shall be stayed or affected by virtue of the taking or filing any appeal to the Court of Appeals of Maryland from this order unless there likewise be filed an appeal bond in usual form with a local corporate surety or sureties, to be approved by this Court or the clerk thereof in the penalty of one hundred thousand dollars.

"And provided further, that if at the end of the time aforesaid the said Schapiro either shall not pay said above-named sums or file said bond, this Court will pass the usual order, directing the said trustee to sell said property at the risk of the said Schapiro.

"And it is further ordered that the said Schapiro pay the costs of said petitions and the proceedings thereunder."

From this decree, as passed, Morris Schapiro, the purchaser and the appellant on this record, has taken this appeal.

The facts of the case were fully set out in the record on the former appeal and are also sufficiently stated, in the record now before us, for a clear and intelligent consideration of the case, without reviewing and repeating them in detail in this opinion.

The principal question, presented at the threshold of the case, is whether the decree of the lower court passed on the 2nd of August, 1922, conforms to and is in accordance with the opinion and mandate of this Court on the former appeal. If so, it is the law of the case binding and conclusive upon this Court, the court below, and all parties in subsequent proceedings in the same case, and cannot be disregarded by us.

In *Smith* v. *Shaffer,* 50 Md. 132, the principle is well stated, and the Court said: "A party cannot be allowed to prosecute different and successive appeals on the same state of the record, unless there has been new proceedings since the last appeal, and then only in respect to questions raised on or by such new proceedings. When an appeal is taken, all the questions which may be properly raised in this Court on the then state of the record, as it may exist in the court of original jurisdiction, must be considered as embraced by the first appeal, and if not then raised and presented for decision, they must be considered as waived. Otherwise, there would be no end of litigation and appeals."

The cases upon this subject are collected and reviewed in *Carrington* v. *Basshor,* 119 Md. 381, where it is said: "This Court is presumed in every case to have considered all questions properly presented by the record and raised on the appeal, which are found necessary for the determination of the rights of the parties to the suit."

It will be seen that the questions presented on this appeal were raised and decided on the former appeal.

In *Baltimore Trust Company* v. *Corn Products Company,* 140 Md. 561 (the former appeal), this Court said: "The taxes due the Federal Government on account of the whiskey and alcohol are a lien until paid on the property purchased by the appellee, but as he expressly agreed to buy it subject to the present or prospective existence of such lien, he is not in a position, and does not undertake, to avoid the sale on that ground." It was further said that the property in this case decreed to be sold "has been twice bought by the appellee, while the condition now objected to was existing and visible. The reduced price of $100,000 for the distillery as a whole was agreed to be paid with full knowledge on his part that a small portion of one of the warehouses was occupied by the alcohol on account of which the purchase is sought to be disaffirmed. Upon the principle of the cases cited, and in consideration of all the circumstances, we must hold that the objection urged is not a sufficient reason for again rejecting a sale to the appellee and for requiring the trustee to make a third disposition of the property."

In the contract by the appellant to buy the property at private sale for $100,000 it was distinctly agreed that the sale was made subject to the rights to store whiskey in the warehouses, and subject to any lien then or thereafter existing in favor of the United States of America or any department thereof.

In the opinion on the former appeal it is said: "The transient storage of alcohol with which we are here concerned does not involve the exercise of any right which the owners

would be entitled to assert against the appellee's objection if his purchase is ratified. It does not represent any interest by which the land purchased at the mortgage foreclosure sale can be affected without the appellee's consent, apart from the existence of the tax lien which his agreement distinctly recognized."

The decision on the former appeal was in effect to hold that the taxes due the Federal Government on account of the whiskey and alcohol here in question were a lien, until paid, on the property purchased by the appellee, and as he had expressly agreed to take the property "subject to any liens thereon now or hereafter existing in favor of the United States of America," he was not in a position to avoid the sale on that ground.

We find nothing in the construction of the federal statutes, relied upon by the appellant, that would authorize us in granting the relief sought by the petitions in the case.

As the questions of law raised by this appeal were decided by this Court on the former appeal, and as the decree appealed from appears to have been passed in accordance with the directions of this Court on the former appeal, the decree must be affirmed.

*Affirmed, with costs.*