## LEON CHAYT ET AL. *v.* BOARD OF ZONING APPEALS

[No. 52, April Term, 1940.]

*Decided May 23rd, 1940.*

The cause was argued before OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, JOHNSON, and DELAPLAINE, JJ.

*Edward H. Burke* and *William Hoffenberg*, with whom were *Robert R. Bowie* and *Bowie & Burke* on the brief, for the appellants.

*William H. Marshall, Assistant City Solicitor,* with whom was *Charles C. G. Evans, City Solicitor,* on the brief, for the Board of Zoning Appeals, appellee.

*William A. Grimes*, with whom were *Ritchie, Janney, Ober & Williams* on the brief, for Frainie Brothers, appellees.

SHEHAN, J., delivered the opinion of the Court.

This is an appeal from an order of the Baltimore City Court, and raises the question whether this order conforms to, and carries out, the terms of a mandate of the Court of Appeals in the case wherein Leon Chayt, and his wife, had brought suit for the purpose of restraining the Maryland Jockey Club and Frainie Brothers, from erecting on certain lots of ground owned by the Jockey Club a stable of frame construction. In the case wherein this mandate was passed, being No. 27 at the October Term, 1939 (see *Chayt v. Board of Zoning Appeals*, 177 Md. 426), it appears that the appellants were the owners and occupants of a dwelling house to the North of the Pimlico Race Track in Baltimore City. Frainie Brothers had contracted with the Jockey Club to erect a stable on its lands which lay outside of the northwest corner of

its track enclosure at the rear of appellants' dwelling house. The appellants then filed a petition in the Baltimore City Court appealing from the action of the Zoning Board in granting a permit to erect this stable, and praying an injunction to prohibit the building of this structure. The Baltimore City Court affirmed the order of the board and dismissed the petition. Thereupon an appeal was taken and in a decision rendered December 13th, 1939, and reported in 177 Md. 426, 9 A. 2nd 747, this court reversed the order of the lower court, holding that, under the Baltimore City Zoning Ordinance, the stable could not be constructed, since the lot involved was subject to residential zoning restrictions and this court passed the following order, "the order appealed from must be reversed and the case remanded for passage of an order restraining the use as proposed, because not permitted under the Zoning Ordinance of the City." The case being thus remanded, the lower court issued an order restraining the use of the property, "pursuant to the permit granted in accordance with the Order of the Board of Zoning Appeals dated September 27, 1938." These complainants appealed from this order, contending that it did not give to them relief as directed by the mandate, because it does not conform to it. The order only restrains the use of the property, "as a stable, pursuant to the permit granted in accordance with the Order of the Board of Zoning Appeals dated September 27th, 1938," and thus limiting the injunction to this particular permit instead of enjoining the use of the property for the building of a stable. It is contended that the mandate went much further than dealing with the particular permit, but applied to the use of the lots for any stable, and so the order as passed clearly modified and restricted the terms and provisions of the mandate as handed down.

There can be no question that the lower court cannot revise or disregard any mandate of this court. The Consitution of Maryland provides, article 4, section 15, with respect to appeals to this court, "The judgment of the court shall be final and conclusive," and it is obvious

therefore, as stated in the case of *Waters v. Waters*, 28 Md. 11, at page 22: "No principle is better established than that a decision of the Court of Appeals once pronounced in any case is binding upon the court below * * * and cannot be disregarded or called in question. It is the law of the case binding and conclusive upon the parties, not open to question or examination afterwards in the same case." And it is obvious that if the order departs from the mandate either by allowing more or less than contained in its terms, it is illegal and subject to review by this court. If the effect of the mandate was not only to hold illegal the permit as granted by the order of the Zoning Board, it being in contravention of the Zoning Ordinance, but also to hold that the property in question, comprising Lots 22 to 36, inclusive, on Plat No. 2 of Avondale Park, was affected by the mandate, so that it could not be used for the purposes of, or as, a stable, by reason of its restricted use, then the order of the lower court, from which this appeal is taken, limiting the effect of the mandate to the order of the Zoning Board, which only affected a comparatively small part of the property in question, was erroneous. This court in effect held, in the original case, that under the Baltimore City Zoning Ordinance, since the lots involved were subject to residential zoning restrictions, a stable could not be constructed thereon, and this would definitely apply to the whole, or any part, of the lot and not to some specific part of the lot. Certainly the order of the lower court, from which this appeal is taken, limits the injunction to the permit in question instead of enjoining the use of any of the lots of property for a stable, and thus modifies and restricts the purpose of the mandate, which cannot be lawfully done, for the reasons above stated. 2*R. C. L., Appeal and Error*, sec. 244; 5 *C. J. S., Appeal and Error*, sec. 1964. If the whole area is zoned as a residential section, and the proposed structure constitutes a non-conforming use not permitted by the Zoning Ordinance, then the entire area is covered by the decision and mandate of the court, and may not be restricted to

the parcel of ground upon which the proposed stable is sought to be constructed, or specifically to the order of the Zoning Board here in question. It may be said of this case, as was said in *Schapiro v. Baltimore Trust Co.,* 143 Md. 50, 121 A. 849, 850: "The principal question presented, at the threshold of the case, is whether the decree of the lower court * * * conforms to, and is in accordance with, the opinion and mandate of this court on the former appeal. If so, it is the law of the case binding and conclusive upon this court, the court below, and all parties in subsequent proceedings in the same case, and cannot be disregarded by us." See *McClellan v. Crook,* 7 Gill 333; *Smith v. Shaffer,* 54 Md. 269; *Abraham v. Trust Co.,* 86 Md. 254, 37 A. 646.

In view of the opinion and decision in *Baltimore v. Linthicum,* 170 Md. 245, 183 A. 531, it is urged with much force and reason by the appellants that the decision and mandate here determines not only the legality of the particular permit but also the general question of the use of the property permissible under the Zoning Ordinance as it stood when this case arose. If this were not true the appellants would be confronted with the possible necessity of contesting other applications or permits covered by this decision, but the decision here is equally applicable to any subsequent permit in following or resting on the same basic facts. It is the prohibited use of the property in question, and not the granting or refusal of a particular permit, that is of the higher importance. There can certainly be no good reason why the appellants should be faced with the necessity of contesting later applications where the same facts are involved. It is our opinion that the order passed does not effectuate the purposes and intent of the mandate in question, and the order of the court should be reversed and this case remanded to the end that an injunction may be issued in conformity with this opinion.

*Order reversed, case remanded, costs to be paid by Frainie Bros., appellee.*