In 1940, Richfield Oil Corporation of New York, a body corporate of the State of Delaware, alleged that it had lawfully proceeded to lay a pipe line on its tract of land in Baltimore under the tracks of the Chesapeake Curtis Bay Railroad Company, but was obstructed by workmen of that company and the Western Maryland Railway Company, and thereupon prayed that the defendants be enjoined from preventing it from crossing or recrossing over, or placing its pipe lines across and under the railroad rights of way. The chancellor, after hearing the case, dismissed the bill of complaint; but on June 10, 1941, his decree was reversed by the Court of Appeals. It was held by this court that since the complainant owns the land, subject to the rights of way for railroad purposes, it has the right to cross and recross over, or to place its pipe lines across or under, the rights of way as long as such acts are performed in such manner and at such times as not to interfere with or interrupt the reasonable and proper use of the rights of way for railroad purposes. Richfield Oil Corporation of New York v. Chesapeake Curtis Bay R. Go., 179 Md. 560, 20 A.2d 581. *Page 194 
In accordance with the mandate, the chancellor signed a decree on July 15, 1941, permanently enjoining the defendants, their agents and servants, from "interfering with, obstrucing or molesting Richfield Oil Corporation of New York, its agents and servants, in crossing or recrossing over, or in placing its pipe lines, connections, or other equipment necessary and proper to the operation and enjoyment of its property across and under the rights of way of defendant, the Chesapeake Curtis Bay Railroad Company, located on said property of Richfield Oil Corporation of New York; provided, however, that the same be performed by Richfield Oil Corporation of New York, its agents and servants, in such manner and at such times as not to interfere with or interrupt the reasonable and proper use by the defendants of said rights of way for railroad purposes."
The Constitution of Maryland, Art. 4, § 15, provides that the judgments of the Court of Appeals shall be final and conclusive. Therefore, the decision of this court in any cause is binding upon the lower court and cannot be disregarded. Likewise, any decree which conforms with the opinion and mandate of the Court of Appeals is binding in subsequent proceedings in the same cause. No litigant can be allowed to prosecute different and successive appeals on the same state of the record, except in case of new proceedings since the last appeal and then only in respect to questions raised by the new proceedings. But if an order of the lower court departs from the mandate, either by allowing more or less than contained in its terms, the the order is illegal and subject to review by this court. Schapiro v.Baltimore Trust Co., 143 Md. 50, 121 A. 849; Chayt v. Board ofZoning Appeals, 178 Md. 400, 13 A.2d 614. The defendants are now complaining that the final decree does not conform to the pleadings and the proof. They claim that the issue at the trial of the case was only whether the complainant had the right *Page 195 
to lay the pipe line at the proposed place near Northbridge Avenue, and that no question of title was involved, except as to that particular place. It is an elementary rule of equity that an injunction decree must not be broader than the issue raised by the pleadings. New York, New Haven Hartford R. Co. v.Interstate Commerce Commission, 200 U.S. 361, 26 S.Ct. 272, 50 50 L.Ed. 515; 28 Am. Jur., Injunctions, sec. 300. But in this case the averments and the prayer in the bill of complaint were not confined to the right of the complainant to lay the one pipe line alone. The bill alleged that in 1939 Richfield Oil Corporation of New York, complainant, acquired the tract of land owned for many years by the United States Asphalt Refining Company, which had theretofore laid pipes under the same rights of way from time to time; that the defendants had no right to prevent it from making "such crossings" in a proper manner; that the defendants had threatened to interfere forcibly with "such rightful acts" and permanently to prevent it from exercising its rights to make "such crossings and recrossings" and from otherwise enjoying its rights of ownership in the property; that it would sustain irreparable damage unless the defendants were enjoined from carrying out their threats and also from otherwise interfering with or preventing the proper use and enjoyment of the property; that the complainant had no adequate remedy at law; and that the threatened acts of the defendants would lead to a multiplicity of suits and cause the complainant irreparable damage unless the defendants were restrained by the court. The prayer of the bill was for complete relief "necessary and proper to the operation and enjoyment of complainant's property hereinabove described." The answer of the defendants denied these allegations and further alleged that the complainant had no right to cross or recross "under said rights of way referred to in the bill." It is, therefore, unmistakable that the issued raised by *Page 196 
the bill and answer was whether the oil corporation had the right to cross and recross over, or to place its pipe lines across and under the railroad rights of way, not only at the specific spot where the trouble arose, but at any proper place on the described tract of land. In addition, there was filed in this cause a copy of the deed by which Joseph P. Connor, special master, conveyed the tract of land to the complainant upon payment of the purchase price of $230,000.
In our opinion on the last appeal, we took occasion to express the belief that the installation of the pipe line as planned would apparently not interfere with the railroad rights of way. It is admittedly possible that the terrain may be different at different places along the rights of way, and that it might accordingly be necessary to lay a pipe line at one place at a greater depth below the tracks that at another. Nevertheless, the application of our decision was plainly not restricted to the one particular place near Northbridge Avenue. After all, the question of safety of such an installation rests largely in the hands of the engineers. The decree of the chancellor requires that all acts of the complainants shall be done "in such manner and at such times as not to interfere with or interrupt the reasonable and proper use" of the rights of way by the defendants.
Decree affirmed, with costs.