## DAVIS SAND AND GRAVEL CORPORA-TION *v.* BUCKLER

[No. 214, September Term, 1962.]

*Decided May 3, 1963.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND and HORNEY, JJ., and EVANS, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*Waldo Burnside* for appellant.

*LeRoy Pumphrey,* with whom was *W. Gwynn Gardiner* on the brief, for appellee.

EVANS, J., by special assignment, delivered the opinion of the Court.

Damages were assessed by the trial court against the appellant, and it appeals. Its contention is not that the amount of the award was improper, but that the court had no authority to make such an award.

This is the third trip to this Court for these parties and a brief chronology of events is necessary to answer appellant's contentions.

The first case, *Buckler v. Davis Sand and Gravel Corporation*, 208 Md. 162 (1955), dealt with a bill in equity for foreclosure of a mortgage and for an injunction against the use of a right-of-way.

In January 1951 Charles Buckler and his wife sold a twenty-five acre tract, called the Buckler Tract, to Davis Sand and Gravel Corporation, hereinafter called Davis, for use as part of an operation for mining sand and gravel. Incorporated in that deed was a grant of a forty-five foot easement over the remainder of the Buckler property to the land mined by Davis, in effect giving Davis access for its trucks to a public road. The deed provided for the automatic termination or reversion of the right-of-way if Davis did not, for a period of longer than one year, mine the Buckler Tract "and its or their holdings of adjacent property as a sand and gravel pit". At the time of this purchase, Davis' other holdings in the same general area were the Crawford pit, the Schultz pit, and a lot called the Wall's property. Six months later, in July 1951, it further enlarged its holdings with the acquisition of another property called the Goddard Tract, which adjoined the Buckler Tract.

Mrs. Buckler (her husband had died) sought in this first action to close the right-of-way, but an injunction was denied by the trial judge. This Court affirmed that part of the decree, holding that the condition for the continuing existence of the easement had not been breached. It was not decided at that time, however, whether the mining operations in progress on the after acquired Goddard Tract, to which use the forty-five foot right-of-way was also being put, came within the contemplation of the parties when they made the deed and established the easement.

In 1959 these parties made their second trip to this Court in *Buckler v. Davis Sand and Gravel Corporation*, 221 Md. 532.

Plaintiff (Mrs. Buckler) again sought to enjoin the defendant from continuing to use the easement at all; or, if that be denied, to enjoin the defendant from subjecting the easement to

the increased burden it was then required to undergo. The injunction was denied by the trial judge, but that decision was reversed by this Court. We found at that time that the right to the use of the easement had been lost by Davis on or about September 7, 1958, when the tract had not been mined for more than a year. What was revealed at that trial was that Davis was no longer mining the Buckler Tract; that it had, in fact, disposed of its other "adjacent holdings" and that it had transferred all or substantially all the mining operations to the Goddard Tract. We ruled that the right to the easement had terminated, and also that its use for access to the Goddard Tract constituted a trespass and one which had existed since July 1951.

We said, "We think it is clear that the defendant was never entitled to use the easement as the means of ingress to and regress from the after acquired Goddard Tract, and the only rights created by the easement having terminated, the defendant should have been enjoined from continuing to use it." *Buckler v. Davis, supra,* page 539.

Since, in the plaintiff's bill in that case, she had asked for damages, we then remanded the case for entry of an appropriate decree "for the award of such damages as may be found to be due, if any".

The Court's right to remand the case on the issue of damages, which would necessitate the taking of testimony, is the subject of the current appeal. The appellant makes two contentions.

## CONTENTION I

Appellant's first contention is that the case cannot be remanded for the purpose of taking testimony as to monetary damages when no such damages were proved in the original trial.

Appellant Davis is now precluded, in our opinion, from raising this question. It had opportunity to raise it on a motion for reargument, (as was pointed out in *Bayless v. Mayfield,* 224 Md. 359) under Rule 850, but failed to do so; therefore, that decree is not subject to collateral attack. It is "the law of the case" and the appellant is barred from raising the point in the

instant case. See also *Johnson v. State Roads Commission,* 229 Md. 151.

Our right to remand is specifically recognized in our own Rule 871, Maryland Rules of Procedure.

> "Rule 871. Remand.
> a. *For Further Proceedings.*
> If it shall appear to this Court that the substantial merits of a case will not be determined by affirming, reversing or modifying the judgment from which the appeal was taken * * * then this Court * * * may order the case to be remanded to the lower court. Upon remand to the lower court, such further proceedings shall be had by amendment of the pleadings, introduction of additional evidence * * * or otherwise, as may be necessary for determining the action upon its merits as if no appeal had been taken and the judgment from which the appeal was taken had not been entered; * * *"

There is also precedent in this Court for such action. In *Schneider v. Brewing Company,* 136 Md. 151, decided in 1920, no evidence was offered in the trial court as to the value of certain stock certificates to which this Court held the appellant was entitled. Appellant was awarded a new trial "under the limitations of our ruling" for that purpose.

## CONTENTION II

The appellant's second contention goes back to the trial judge's decree in the first case (208 Md. 162). This decree, dated March 8, 1955, held, in part, that appellant's use of the right-of-way in connection with its work in the Walls and Goddard Tracts "did not create an 'inequitable burden' upon said right-of-way". From this, it argues that the question of damages is now moot: The 1955 decree found no "burden"—hence, no damages; and, since this Court in the first case did not go into this question of "burden", the trial court's above finding should be allowed to stand. In effect, appellant argues that the question of damages was decided in its favor in the first trial and is now *res judicata.* This contention is untenable.

In the first case (208 Md. 162), the question of whether the Goddard Tract was within the scope of the Buckler easement was not decided. At that time we specifically held that it was unnecessary to decide this question.

In addition, in our opinion in the second case (221 Md. 532), we reiterated the point in footnote 1, and further stated, "There is no claim, nor is it even suggested, that the former case (208 Md. 162) is *res judicata* to the instant case."

*Decree affirmed, with costs.*