# HEALTH SERVICES COST REVIEW COMMISSION
### ET AL. *v.* FRANKLIN SQUARE HOSPITAL

[No. 130, September Term, 1976.]

*Decided May 4, 1977.*

The cause was argued before MURPHY, C. J., and SINGLEY, SMITH, DIGGES, LEVINE, ELDRIDGE and ORTH, JJ.

*Jay E. Levy, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Stanley Lustman, Assistant Attorney General,* on the brief, for appellant Health Services Cost Review Commission. *Richard Landfield,* with whom were *Joseph T. Brennan, II,* and *F. M. Gloth, Jr.,* on the brief, for appellant Blue Cross of Maryland, Inc. *W. Gar Richlin,* with whom were *Roger D. Redden* and *Piper & Marbury* and *Thomas J. Gillooly* and *Charles M. Preston* on the brief, for appellant Health Insurance Association of America. Submitted on brief by *Jo V. Morgan, Jr., Charles J. Steele* and *Kevin W. Carmody* for appellant Group Hospitalization, Inc.

*James J. Doyle, Jr.,* with whom were *Sherbow, Shea & Doyle* on the brief, for appellee.

ELDRIDGE, J., delivered the opinion of the Court.

In *Blue Cross v. Franklin Sq. Hosp.,* 277 Md. 93, 352 A. 2d. 798 (1976), we remanded this case to the trial court for modification of its judgment in accordance with our opinion. On remand, the court modified certain portions of the judgment but not others as requested by some of the parties. The question on this second appeal is whether the judgment as modified is consistent with our mandate in the prior appeal.

The Maryland Health Services Cost Review Commission was created by Chapter 627 of the Acts of 1971, Maryland

Code (1957, 1971 Repl. Vol., 1976 Cum. Supp.), Art. 43, §§ 568H-568Y, for the purpose, among other things, of assuring the reasonableness of rates set by hospitals, health care institutions and related institutions located in Maryland. This case began when Franklin Square Hospital, along with several other hospitals, instituted a declaratory judgment action in the Circuit Court for Baltimore County challenging specific portions of regulations promulgated by the Commission governing approval of hospital rate applications, as well as the attempted incorporation by reference in the regulations of rate approval guidelines issued by the Commission. In addition, the hospitals sought a declaration that the Commission could only review rates on a hospital-by-hospital basis rather than on a statewide basis. The hospitals also asked the court to delineate the authority of the Commission to review hospital rates in several other respects. Blue Cross of Maryland, Inc., and Group Hospitalization, Inc., both non-profit health insurers, as well as the Health Insurance Association of America, an association of health insurance companies, were granted leave to intervene in the action.

The circuit court entered an "order of final judgment" which, in part, declared that:

"1. . . .

"A. In each case before it the Commission shall determine whether the rates charged by a hospital are reasonable.

"B. Such a determination shall be made for each institution individually rather than for all or for a number of hospitals on a collective basis.

* * *

"G. In the event the Commission finds that the rate structure charged or proposed by the hospital is reasonable it shall approve the

rates even though some other rate structure might also be reasonable.

* * *

"3. The hospital may include in its charged or proposed rate structure reasonable depreciation expenses based on the expected useful life of the property and equipment involved. A hospital may not be required by the Commission to use a capital facilities allowance in lieu of depreciation. The Commission shall determine whether the method of depreciation used by the hospital is reasonable.

"4. The hospital may include in its charged or proposed rate structure a reasonable cost factor for excess capacity, if any, and for services or facilities of the hospital which are not, directly or indirectly, related to patient care."

The court also held that the Commission could not, under the Administrative Procedure Act, Code (1957, 1971 Repl. Vol., 1976 Cum. Supp.), Art. 41, §§ 245-247, incorporate its guidelines by reference into the rules, and that the guidelines, therefore, were invalid and of no effect.

The Commission appealed to the Court of Special Appeals, and this Court issued a writ of certiorari prior to a decision by the Court of Special Appeals. The Commission challenged, among other things, that portion of the judgment which required the Commission to approve any rate structure proposed by a hospital so long as that rate structure was reasonable. None of the parties to the appeal challenged the portion of the judgment which required the Commission to review rates on an individual hospital basis or the portion of the judgment declaring that the attempted incorporation of the guidelines was invalid.

In the prior appeal, therefore, we were presented with the question of the Commission's authority "to 'review and approve' the reasonableness of established or proposed hospital rate structures." 277 Md. at 95. The Commission contended that it was " 'charged by law to approve that rate

structure . . . which produces the most efficient and effective hospital services at the lowest cost to the purchaser of the services' " and that it was not required to approve a rate structure which, although reasonable, was not the " 'optimum' " rate structure. *Id.* at 110. The hospitals, on the other hand, argued that the Commission's scope of authority was not this broad. They contended that the Commission must approve any rate structure proposed by a hospital which was within a "zone of reasonableness" even though another rate structure might be more reasonable. *Ibid.*

Reviewing the purposes of the Commission and the statutory authority granted to it by the Legislature, we concluded that the Legislature "intended that the Commission have the power to approve those rates which it considers best designed to effectuate the purposes of the statute" and that "[t]he Commission is not required . . . to defer to the hospital's view of reasonableness in cases of conflict." 277 Md. at 110. We held, therefore, that the Commission "is empowered to approve that rate structure which it finds to be most reasonable under the circumstances," and we remanded the case to the circuit court for modification of its order. *Id.* at 113.

On remand, that part of the judgment requiring the Commission to approve any reasonable rate structure proposed by a hospital was deleted and, in accordance with our opinion, was modified to allow the Commission to approve "that rate structure which it finds to be the most reasonable under the circumstances." However, the circuit court did not, as requested by the Commission, the insurers and the Health Insurance Association, delete or otherwise modify that part of the original judgment dealing with capital facilities allowance and excess capacity, which declared that:

> "3. The hospital may include in its charged or proposed rate structure reasonable depreciation expenses based on the expected useful life of the property and equipment involved. A hospital may not be required by the Commission to use a capital

facilities allowance in lieu of depreciation. The Commission shall determine whether the method of depreciation used by the hospital is reasonable.

"4. The hospital may include in its charged or proposed rate structure a reasonable cost factor for excess capacity, if any, and for services or facilities of the hospital which are not, directly or indirectly, related to patient care."

Blue Cross of Maryland, Inc., Group Hospitalization, Inc., the Health Insurance Association of America and the Commission all appealed from this modified judgment to the Court of Special Appeals. Prior to any proceedings in that court, a petition for writ of certiorari was filed in this Court which we granted because the issue involved concerned the mandate in our prior decision.

## (1)

At the outset, the hospitals have filed a motion to dismiss this appeal pursuant to Maryland Rule 835. The motion is premised upon the theory that any questions which properly could have been raised on a prior appeal but were not are waived and may not be raised by the parties in a subsequent appeal. *See Pasarew Const. Co. v. Tower Apts.*, 208 Md. 396, 118 A. 2d 678 (1955); *Smith v. Shaffer*, 50 Md. 132 (1878). The hospitals contend that the appellants, in failing on the prior appeal to challenge specifically paragraphs 3 and 4 or the invalidation of the guidelines pertaining to excess capacity and capital facilities, have waived any right to appeal now from those provisions of the trial court's order. We disagree.

The failure to appeal from the judgment invalidating the Commission's guidelines pertaining to excess capacity and the capital facilities allowance should not preclude the Commission from raising the issue of whether the modified judgment is inconsistent with our mandate in *Blue Cross v. Franklin Sq. Hosp.*, *supra*. That portion of the judgment striking down the guidelines was based solely upon a failure

to comply with the Administrative Procedure Act in the promulgation of the Commission's regulations. Also, from a review of the briefs filed in the first appeal, it is clear that the Commission did challenge the restriction on its authority to require that the capital facilities allowance be used in lieu of depreciation in determining a reasonable rate structure. But, even if the Commission had not specifically challenged those portions of the order limiting its authority to review specific cost elements of a hospital's rate structure, such a challenge was implicit in the Commission's contention in the prior appeal that it was not required to defer to a hospital's view of reasonableness. The power to review and determine the reasonableness of a particular rate structure necessarily includes the power to review the individual cost factors of which the rate structure is composed. The hospitals' contention that the matter of the Commission's "scope of authority" to review the reasonableness of an individual hospital's rate structure did not encompass the Commission's authority to review individual components of that rate structure, such as the costs of excess capacity or costs related to capital facilities, is too narrow a view of the issues raised in the prior appeal.

Moreover, the issue on this appeal is not whether the Commission has the authority to require hospitals to use a capital facilities allowance in lieu of depreciation, or whether the Commission may deny the inclusion of costs for excess capacity and services or facilities not related to patient care in a rate structure. Rather, the issue is whether the modified judgment is consistent with our mandate in the prior appeal. The question of whether a judgment entered by a lower court on remand from this Court is consistent with the mandate of this Court is a separate issue reviewable on a subsequent appeal. *Ches. Etc. R.R. Co. v. Richfield*, 180 Md. 192, 194, 23 A. 2d 677 (1942); *Chayt v. Board of Zoning Appeals*, 178 Md. 400, 402-403, 13 A. 2d 614 (1940).

(2)

In arguing that paragraphs 3 and 4 of the modified judgment are inconsistent with our prior mandate, the

appellants assert that the paragraphs require the Commission to defer to a hospital's view of reasonableness. According to appellants, paragraphs 3 and 4 would deny to the Commission the power to approve that rate structure "most reasonable under the circumstances" by precluding it from determining whether it would be reasonable in a specific case to include the costs of excess facilities in the rate structure or whether use of a capital facilities allowance rather than depreciation, under particular circumstances, would more effectively further the purpose of the statute. The hospitals, on the other hand, contend that these paragraphs are necessary in light of the Commission's former guidelines which the hospitals interpret as a blanket policy of denying costs for excess facilities and requiring use of the capital facilities allowance in all cases. This policy, the hospitals argue, is inconsistent with the requirement that the Commission review each rate proposed on a hospital-by-hospital basis to determine the most reasonable rate structure under the circumstances.'

Although the parties in their briefs differed on the question of whether the inclusion of paragraphs 3 and 4 in the modified judgment is inconsistent with our prior mandate, it became clear at oral argument that both sides are in basic agreement as to the proper procedure in future rate review cases. Both agree that the Commission must determine on a hospital-by-hospital basis the most reasonable rate structure. Moreover, both seem to agree that no absolute rule, applicable to all hospitals under all circumstances, pertaining to the use of the capital facilities allowance or depreciation, or to the reasonableness of the inclusion of costs of excess facilities, is proper. They take the position that these matters must be determined on a case-by-case basis, subject to judicial review under the Administrative Procedure Act, Art. 41, §§ 255, 256. We think that this position, adopted by both sides at oral argument, is consistent with our prior holding in *Blue Cross* and with statutory provisions relating to the Commission. And because the modified judgment in this case to some extent does preclude the Commission from reviewing certain

cost factors on a hospital-by-hospital basis, it is inconsistent with our mandate in *Blue Cross*.

In effect, the circuit court's modified judgment in this case requires the Commission to include certain cost factors in hospital rates without review by the Commission as to whether inclusion of these factors is reasonable in each particular case. Such a restriction on the Commission's authority conflicts with our prior holding that the Commission has the authority to approve, on a hospital-by-hospital basis, that rate structure which is most reasonable under the circumstances. The Commission's legislative mandate, as found in Code (1957, 1971 Repl. Vol., 1976 Cum. Supp.), Art. 43, § 568U (a), is "to assure all purchasers of health care hospital services that the total costs of the hospital are reasonably related to the total services offered by the hospital" and "that the hospital's aggregate rates are reasonably related to the hospital's aggregate costs." As we noted in *Blue Cross v. Franklin Sq. Hosp.*, *supra*, by delegating to the Commission the power to review and approve the reasonableness of hospital rates, the Legislature "intended that the Commission have the power to approve those rates which it considers best designed to effectuate the purposes of the statute," and to "approve [only] those rates *best* designed to assure fair costs and fiscal integrity." 277 Md. at 110, 111. Whether a hospital's rate is fair to purchasers of health care services and also will assure the hospital's fiscal integrity must of necessity be determined on a case-by-case basis. Absolute rules concerning cost factors, applicable to all hospitals under all circumstances, as found in the modified order, are therefore inappropriate. Whether the use of the capital facilities allowance or depreciation is more reasonable, or whether the inclusion of costs for excess facilities and services unrelated to patient care is reasonable, must be determined by the Commission on a case-by-case basis. We wish to emphasize that the determination of the Commission as to these factors in each case is always subject to judicial review under the

242

standards of the Administrative Procedure Act, Art. 41, §§ 255, 256.

> *Judgment of the Circuit Court for Baltimore County further modified by deleting paragraphs 3 and 4 and, as modified, affirmed.*
>
> *Each party to pay its own costs.*