ACTING DIRECTOR, DEPARTMENT OF FORESTS
AND PARKS, ETC. *v.* THOMAS J. WALKER, JR.,
ET AL., TRUSTEES

[No. 369, September Term, 1977.]

*Decided May 10, 1978.*

---

\* Note: *Certiorari* granted, Court of Appeals of Maryland, July 12, 1978.

The cause was argued before THOMPSON, DAVIDSON and MASON, JJ.

*Carl H. Lehmann, Special Attorney,* with whom were *Francis B. Burch, Attorney General,* and *Nolan H. Rogers, Assistant Attorney General,* on the brief, for appellant.

*Michael P. Crocker,* with whom were *Piper & Marbury* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

On 20 April 1972, in the Circuit Court for Baltimore County, the appellant, the Department of Forests and Parks (the State) [1] filed a petition for condemnation of certain land held in trust by Thomas J. Walker, Jr. and George B. Woelfel, Jr., the appellees (owners). On 9 November 1973, the State sought and obtained an *ex parte* order permitting it to enter the land "for the purpose of construction of an armory." Thereafter, according to the owners, the State survey crews staked out an armory on the land. On 28 November 1973, a jury returned an inquisition [2] in the amount of $1,224,000. On that date, judgment *nisi* was entered. [3] Thereafter the State began construction. Judgment absolute was entered on 20 December 1973. [4] On 31 May 1974, the Court of Appeals dismissed an appeal filed by the State, [5] holding that the State had waived its right to appeal when it entered upon and took possession of the owners' land.

In a series of letters, the owners requested the State to pay a "fair rate" of interest on the condemnation award, from 9 November 1973 to the date of payment, and the State refused

---

1. The Department of Forests and Parks was part of the Department of Natural Resources and was empowered to condemn land in the name of the State. 1969 Md. Laws ch. 154 § 8; 1962 Md. Laws ch. 36 § 42. On 1 January 1974, all the rights, powers and functions of the Department of Forests and Parks, including condemnation power, were transferred to the Department of Natural Resources. Md. Nat. Res. Code Ann. §§ 5-201 (b) and 5-208 (1974).
2. Md. Rule U19.
3. Md. Rule U21 a.
4. Md. Rule U21 d.
5. Acting Director, Dep't of Forests & Parks v. Walker, 271 Md. 711, 319 A. 2d 806 (1974).

to pay any interest. On 24 July 1974, the State deposited the amount of the award with the court.[6] No funds were deposited for the payment of interest. On 6 September 1974, the owners withdrew the deposited funds pursuant to a court order which authorized the withdrawal "without prejudice to any and all claims of the [owners] for unpaid interest due for the State's possession of the property herein condemned and/or upon the judgment rendered herein."

On 22 December 1975, as a further proceeding in the condemnation case, the owners filed a "motion for summary judgment for delay damages." This motion, as later amended, sought damages of $82,017.52, "the amount of investment return that the State itself, in fact, received upon said $1,224,000 sum by retaining and investing it [from 9 November 1973 to 24 July 1974] in the safe and conservative investments sanctioned by [Md. Ann. Code, art. 95, § 22 (1969 Repl. Vol. & Cum. Supp. 1977)]." It additionally sought damages of $12,802.29, "the amount of investment return that the State itself has received, during the period between July 24, 1974 (when said $82,017.52 amount of delay damages or detention money was due to have been paid along with the $1,224,000) and [31 January 1977] ... by investing, rather than paying the defendants, the said $82,017.52." On 15 April 1977, Judge John N. Maguire entered an order awarding the owners $94,819.81 in damages and costs. This appeal is from that order. We shall reverse.[7]

The fifth amendment of the United States Constitution provides in pertinent part that private property shall not

"be taken for public use, without just compensation."

Article III, § 40 of the Maryland Constitution provides:

"The General Assembly shall enact no Law authorizing private property, to be taken for public use, *without just compensation,* as agreed upon between the parties, or awarded by a Jury, *being first paid or tendered* to the party entitled to such compensation." (Emphasis added.)

---

6. Md. Rule U23.

7. The owners' motion to dismiss the appeal is without merit and is denied.

Maryland Real Property Code Ann. § 12-104 (a) [8] provides:

"The damages to be awarded for the taking of land is its fair market value."

The owners do not contend that the jury awarded them less than the fair market value of their land. Rather, they maintain that, because the State took possession of their land on 9 November 1973, they were entitled to be paid its fair market value on or before that date. They claim that, because the State's delay in payment deprived them of the use of that money from 9 November 1973 to 24 July 1974, they are additionally entitled, as part of just compensation, to damages above the fair market value. They assert that, because the State's refusal to pay those damages when due deprived them of the use of that money from 24 July 1974 to 31 January 1977, they are entitled to additional damages. They conclude that the damages should have been determined by applying the State's rate of return on its investments during those periods to the amounts withheld.

## I

### - 9 November 1973 to 28 November 1973 -

The trial court erred in awarding additional damages from 9 November 1973 to 28 November 1973. The question of damages for that period should not have been considered because it previously had been settled.

A ruling of an appellate court upon a question becomes the "law of the case" and is binding on the courts and litigants in further proceedings in the same case. Neither questions which were decided nor questions that could have been raised and decided on appeal can be relitigated.[9]

---

8. Md. Real Prop. Code Ann. § 12-104 (a) (1974).

9. Davis Sand & Gravel Corp. v. Buckler, 231 Md. 370, 373-74, 190 A. 2d 531, 532 (1963); Fidelity-Baltimore Nat'l Bank & Trust Co. v. John Hancock Mut. Life Ins. Co., 217 Md. 367, 371-72, 142 A. 2d 796, 798 (1958); Pasarew Constr. Co. v. Tower Apts., Inc., 208 Md. 396, 403, 118 A. 2d 678, 681 (1955); Smith v. Shaffer, 50 Md. 132, 136 (1878); Waters v. Waters, 28 Md. 11, 22 (1867); see Health Servs. Cost Rev. Comm'n v. Franklin Square Hosp., 280 Md. 233, 238, 372 A. 2d 1051, 1053-54 (1977).

A decision of a trial court which finally determines the rights of the parties becomes the "law of the case" when no appeal is taken. Such a decision also is binding on the courts and litigants in further proceedings in the same case. Neither questions which were decided nor questions which could have been raised and decided in the trial court or on appeal can be relitigated in the same case.[10]

Maryland Rules, Subtitle U, determines the procedure for "conventional" [11] condemnation proceedings.[12] Maryland Rule U16 b provides, among other things, that in a condemnation proceeding tried by a jury, the jury shall

> "value justly and impartially the damages which the defendant will sustain by the taking."

Maryland Rule U19 provides in pertinent part:

> "a. . . . The trier of fact shall render a special verdict in the form of an inquisition.
>
> \* \* \*
>
> "g. . . . The inquisition shall set forth the amount of damages, if any, to which each defendant or class of defendants is entitled or, if the court so orders, the total amount of damages awarded or both."

These rules establish that in condemnation proceedings all questions relating to the amount of just compensation must be decided by the jury. Thus, any claim that the owners were entitled to additional damages because the State's delay in payment deprived them of the use of money due them on 9 November 1973 could have been raised and decided in the trial court.

---

10. Kloze v. Provident Sav. Bank, 220 Md. 469, 470-71, 154 A. 2d 711, 712 (1959); City of Baltimore v. Moore, 209 Md. 516, 523, 121 A. 2d 857, 861 (1956); Sansbury v. Belt, 53 Md. 324, 333 (1880).

11. These Rules also apply to "quick-take" condemnation proceedings authorized by art. III, §§ 40A-40D of the Maryland Constitution. Hammond v. State Rds. Comm'n, 241 Md. 514, 517, 217 A. 2d 258, 260 (1966).

12. Lore v. Board of Pub. Works, 277 Md. 356, 359-60, 354 A. 2d 812, 814 (1976).

Here the question of just compensation was determined by the jury. The record does not show that the owners asked the jury to award damages for the loss of the use of money from 9 November 1973. The record does show that the owners did not appeal from the 20 December 1973 judgment entered on the jury's verdict. Under these circumstances, the trial court's award finally determined the owners' right to damages sustained before judgment and became the "law of the case." The owners' claim for damages for loss of the use of money from 9 November 1973 to 28 November 1973, having previously been settled, could not be relitigated in the same case.

## II

### - 28 November 1973 to 24 July 1974 -

The trial court also erred in determining the amount of additional damages for the loss of the use of money from 28 November 1973 to 24 July 1974. Damages should not have been determined by applying the State's rate of return on its investments during that period to the amount of the payment withheld, but rather by applying the legal rate of interest.

In *Lore v. Board of Public Works,*[13] the Court of Appeals considered the question of whether, in conventional condemnation proceedings, an owner is entitled to interest from the date of the entry of judgment *nisi* until the time of payment. The Court recognized that, generally, the term "just compensation" is equated with fair market value.[14] The Court concluded that, in condemnation cases, the General Assembly may grant owners more than the constitutional minimum of just compensation.[15] It determined that "one of the extra elements of damage" authorized by the General Assembly was "interest on the award, computed from the date of the entry of the judgment *nisi* to the time the judgment is satisfied." [16] It held that the owners were entitled to interest on the compensatory award.

---

13. 277 Md. 356, 354 A. 2d 812 (1976).
14. *Id.* at 358 n.3, 354 A. 2d at 814 n.3.
15. *Id.* at 358-59, 354 A. 2d at 814.
16. *Id.* at 359, 354 A. 2d at 814.

*Lore* establishes that, in conventional condemnation proceedings, an owner receives just compensation if awarded the fair market value of the property taken. An owner is not entitled to any other damages as part of just compensation. An owner who has suffered additional damage is entitled to be compensated only if and to the extent authorized by the Legislature.

Applying these principles to the instant case produces a clear result. Because the owners were awarded the fair market value of their land, they received just compensation. While they were not entitled to any other damages as part of just compensation, they were entitled to compensation for additional damages to the extent authorized by the Legislature. Having recognized that an owner suffers additional damage when payment of a condemnation award is delayed, the Legislature has authorized compensation for the loss of the use of money to the extent of the payment of interest from the date of the judgment *nisi*.[17] Accordingly, we hold that the owners were entitled to interest from 28 November 1973 to 24 July 1974 at the legal rate of six percent per year.[18]

### III

- 24 July 1974 to 31 January 1977 -

The trial court's determination of the amount of damages for the loss of the use of money from 24 July 1974 to 31 January 1977 was based upon its erroneous assessment of the amount of damages for the loss of the use of money from 28 November 1973 to 24 July 1974. Accordingly, that determination was also in error. We shall reverse.

*Judgment reversed.*
*Case remanded for entry of an order consistent with this opinion.*
*Costs to be equally divided.*

**17.** *Id.* at 359, 354 A. 2d at 814; Md. Real Prop. Code Ann., § 12-101 (Cum. Supp. 1977); Md. Rules, Subtitle U.
**18.** Northwestern Nat'l Ins. Co. v. William G. Wetherall, Inc., 272 Md. 642, 658, 325 A. 2d 869, 878 (1974); Picking v. Local Loan Co., 185 Md. 253, 265, 44 A. 2d 462, 469 (1945); Md. Const. art. III § 57; Md. Com. Law Code Ann. § 12-102 (1975); Md. Rule 642.