FALLIN ET AL. *v.* MAYOR AND CITY COUNCIL OF
BALTIMORE ET AL.

[No. 11, October Term, 1949 (Adv.)]

*Decided June 28, 1949.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*R. E. Lee Marshall,* with whom was *Frank L. Fuller, III* on the brief, for the appellants.

*Allen A. Davis, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Thomas M. Jacobs, Assistant City Solicitor,* on the brief, for the appellees.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a declaratory decree of the Circuit Court of Baltimore City, construing the Ordinance creating the Employees' Retirement System of Baltimore City as not obligating the city to pay a member, upon retirement, an annuity equal to his pension unless the actuarial equivalent of his accumulated contributions at the time of his retirement is equal to his pension.

The Retirement System was established by Ordinance 553 of 1926, (Article 30, Pensions, Baltimore City Code, 1927 Edition). The complainants became members in

1926 and 1927, respectively. They will shortly reach the voluntary retirement age of 60. As stated by the Chancellor, "the present difficulty arises from the fact that the severe decline in the purchasing power of the dollar has made it necessary for the city to increase sharply the pay of its employees, in many categories, and as to such employees, from whose former salaries regular deductions were made, but in a smaller sum, the total of such contributions will not now produce an annuity equal to the pension. The pension is fixed in amount 1/140 of average final compensation multiplied by the number of years of service. Sharply increased final compensation will necessarily require increased pension. The burden of such increases will naturally fall on the city. That responsibility cannot be escaped. But complainants insist that the city is likewise responsible for the payment of increased annuities as well to equal the pension."

Section 1(12) of the Ordinance defines "Accumulated contributions" to mean "the sum of all the amounts deducted from the compensation of a member and credited to his individual account in the Annuity Savings Fund together with regular interest thereon as provided in Sections 7 and 8 of this Article". Section 1(14) defines "annuity" to mean "payments for life derived from the 'accumulated contributions' of a member". Section 1(15) defines "pension" to mean "payments for life derived from money provided by the City of Baltimore." Section 1(17) defines "retirement allowance" to mean "the sum of the 'annuity' and the 'pension' ". "Annuity Reserve" is defined by Section 1(18) to mean "the present value of all payments to be made on account of any annuity or benefit in lieu of any annuity computed upon the basis of such mortality tables as shall be adopted by the Board of Trustees and regular interest".

Section 8 (1) (a) provides that "the Annuity Savings Fund shall be a fund in which shall be accumulated con-

tributions from the compensation of members to provide for their annuities". Section 8(2) provides that "the Annuity Reserve Fund shall be the fund from which shall be paid all annuities." There is no suggestion in any of these definitions that the city should be required to contribute to annuities.

The appellants contend, however, that the following language of section 8(1) (a) is controlling: "Upon the basis of such tables as the Board of Trustees shall adopt and regular interest, the actuary of the retirement system shall determine for each member the proportion of compensation which, when deducted from each payment of his prospective earnable annual compensation prior to his attainment of age sixty and accumulated at regular interest until attainment of such age shall be computed to provide at that time an annuity equal to the pension to which he will be entitled at that age on account of his service as a member. Such proportion of compensation shall be computed to remain constant". But as the Chancellor said: "It is a far different thing to provide that the employee's contributions shall be *computed to provide* an annuity equal to the pension, from providing that the annuity shall *equal the pension.* No such provision will be found in the law. An annuity *equal to the pension* is not an annuity 'granted under the provisions of this Article', which is made one of the 'obligations of the City of Baltimore' by Ordinance 553" (section 10). Moreover, section 8(1) (d) provides that "upon the retirement of a member his accumulated contributions shall be transferred from the Annuity Savings Fund to the Annuity Reserve Fund". Section 8(2) provides that "the Annuity Reserve Fund shall be the fund from which shall be paid all annuities and all benefits in lieu of annuities, payable as provided in this Article." We find nothing to indicate an intention to impose an obligation upon the City to amplify the Fund created by the contributions deducted from compensation

and such additional deposits by a member as are permitted by Section 8(1) (d).

The appellants point to the provisions of section 5, subsections (14) and (15), dealing with the duties of the Actuary in recommending to the Board of Trustees, and reviewing at stated intervals, tables and rates based on "mortality, service and compensation experience". But here again, the obligation of the Board of Trustees to "adopt for the retirement system such mortality, service and other tables as shall be deemed necessary" and to "certify the rates of contributions" seem designed to maintain the actuarial soundness of the system, not to impose a duty to increase the contributory fund from other sources. It is conceded that the present inequality between annuities and pensions is a temporary condition and does not affect the actuarial soundness of the system beyond the obvious fact that increased wages have made any 1926 "compensation experience" obsolete. The Board consists of the City Comptroller, *ex officio,* two members elected by the members of the system, and two qualified citizens appointed by the Mayor with the consent of the City Council. It is an administrative board, and has no authority to appropriate money or obligate the City beyond the express obligations imposed upon it by Section 10.

The case presents only a narrow question of construction. Assuming, without deciding, that the Retirement Plan established by the Ordinance imposed contractual obligations upon the City, if there is no such obligation as the appellants assert, there is no enforceable contract. *Cf. Hecht v. Crook,* 184 Md. 271, 40 A. 2d 673, and *Heaps v. Cobb,* 185 Md. 372, 45 A. 2d 73. As we said in the former case 184 Md. page 283, 40 A. 2d page 678: "Whether he is entitled to the special benefits of the section, under which he claims, is the sole question here, and if he misconstrued the effect of the provision, he cannot now rely upon that as a representation by the

Board. Nor had the Board any authority to extend the benefits of the subsection to persons ineligible thereto."

We think the Chancellor was correct in holding that the City is not obligated to pay to a retiring employee, by way of annuity, more than the actuarial equivalent of his accumulated contributions at the time of his retirement. The appellants appear to have abandoned their contention that the Board lacks the power to permit employees to increase their contributions to the Annuity Savings Fund, under section 8(1) (d). Nor do they now challenge the power of the Board to change, from time to time, the rates of deduction from the pay of members after they have been once established, although they suggest that the question is not in actual controversy at this time, because of the conceded fact that no such changes are in contemplation. In view of the concession, we think it inappropriate to decide the latter question at this time. Code, Article 31A § 6; *Staley v. Safe Deposit and Trust Company*, 189 Md. 447, 456-7, 56 A. 2d 144, 149. In the exercise of our discretion, we shall therefore modify the decree by eliminating the second paragraph, and, as modified, affirm it.

*Decree affirmed, with costs.*