LEWIS *v.* SNOWDEN ET AL.

[No. 155, October Term, 1953.]

*Decided May 26, 1954.*

The cause was argued before BRUNE, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Robert B. Myers* for the appellant.

Submitted on brief by *William H. Murphy* and *Leslie S. Perry* for the appellees.

HAMMOND, J., delivered the opinion of the Court.

The grantee in a deed appeals from a decree which set the deed aside as null and void.

The property involved is a parcel of land in Montgomery County improved by a small dwelling in which lived Anna Hackett and Elijah Hackett, her second husband. Anna Hackett had inherited the property from her mother. In 1944, a niece of Elijah Hackett, Lyla Elizabeth Lewis, the appellant, who had just come out of a tuberculosis sanatorium and who was on relief, came to live with the couple and remained there until 1951. It is disputed whether she came by their invitation or at her own. In 1949, a deed which conveyed the property to Lyla Elizabeth Lewis, with the reservation of life estates in the grantors, was purportedly signed by Anna and Elijah Hackett and was duly recorded. In 1952, at the instigation of William Snowden, a son of Anna Hackett by her first marriage, who then learned of the deed, Anna and Elijah Hackett filed a bill of complaint to set aside the deed. Thereafter, Lyla Elizabeth Lewis took Elijah Hackett to a lawyer's office, where he signed a paper dated May 5, 1952, directing the clerk to dismiss the suit as to him: ". . . the same never having been authorized by me." On November 15, 1952, Elijah Hackett, describing himself as plaintiff in the case, gave notice to the court that his wife, Anna Snowden Hackett, had died the month before, on October 14, and requested the substitution, as a party plaintiff in lieu of Anna Hackett of: ". . . her adult only son and heir at law, William A. Snowden", and the court made the substitution. Elijah Hackett testified that he had authorized the institution of the proceedings, denied the execution

of the deed and, in accordance with a suggestion of the chancellor in his opinion, was reinstated as a party complainant before the decree was signed.

The bill of complaint of the Hacketts against Lyla Elizabeth Lewis, the appellant, alleged that the couple were the owners of the home in question and that the appellant forged their names to a purported deed which conveyed the property to her, reserving a life estate only in them. There was a further allegation that the appellant was employed in the home at a nominal wage to take care of them, and: ". . . used deceit and forgery in order to execute or cause to be executed said paper writing." The prayer asked that said paper writing be declared null and void and of no effect, and for other and further relief. The answer denied the forgery and asserted that the appellant had been invited to live in the home and had bought food and done all that was necessary for the maintenance and support of her uncle and his wife, and that she had never been paid for any of her services.

Testimony was taken before an examiner, directed almost solely to the question as to whether or not the signatures of the grantors had been forged. The chancellor, in his opinion, did not discuss nor directly decide whether the signatures had been forged but by necessary inference, evidently found that they had not, because he said: "They deeded the property to her." He then went on to hold that a confidential relationship existed between the parties and that the appellant had failed to meet the burden of showing that the transaction was completely fair. He said, referring to the appellant: "Her evidence does not satisfy the Court the surrounding circumstances were such as to make this elderly woman want to leave the only property she had to a niece by marriage, instead of her son."

The finding of the chancellor, to be inferred from his opinion and decree, that the deed had not been obtained by forgery, is supported by the evidence. The pleadings were directed only to this issue and not to the issue of confidential relations and the testimony merely skirted

the latter issue. As a result, we find it impossible to determine whether there was a confidential relationship, and if so, whether the appellant has shown that the transaction was fair under all of the circumstances.

All that can be gleaned from the testimony is that Elijah Hackett was a weak reed, who bent to whatever wind was blowing at the moment, and that he was unsure as to his actions and decisions. He is described by a bank official, who had known him for many years, as follows: "Elijah is a little uncertain in his mind as to what he does sometimes, I mean the full understanding of just what he does." Anna Hackett, it is revealed by the testimony, had been absent-minded and at times confused in her thinking, and was described by Elijah as "going back all the time". It is difficult, if not impossible, to tell from the testimony as to how long before her death was this an accurate description. There is only one sentence of testimony as to the services which the appellant says she rendered the couple, and it cannot be determined what period of time they covered or how extensive they were, particularly in view of the fact that she testified that she worked as a domestic in Silver Springs for much of the time, as well as at a school. Likewise obscure is the extent of the trust and confidence between Lyla Elizabeth Lewis and the Hacketts and their dependence upon, and real feeling toward, her.

We think that the chancellor who decided the case on the record, even as we are called upon to do, should not have decided it on an issue to which the evidence was not directed and, which to a large extent, it did not cover. *Miller, Equity Procedure,* Sec. 262. Rule 17 of the *General Equity Rules* provides that the Court shall, at any time before final decree: ". . . in furtherance of justice and upon such terms as to payment of costs as may be just, permit any bill, answer, process, proceeding, pleading, or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading." The rule further provides: "A further and better statement of the claim or defense or further and better particulars of any matter stated in

any pleading may be permitted upon order of Court." The pleading should be amended to present the issue of whether or not the execution of the deed had been obtained through fraud or undue influence or under other circumstances which would render it invalid because of the abuse of confidential relations by the appellant and testimony taken on any such issue presented. Code, 1951, Art. 5, Sec. 42, provides: "If it shall appear or be shown to the court of appeals that the substantial merits of a cause will not be determined by the reversing or affirming of any decree or order that may have been passed by a court of equity, or that the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of any of the pleadings or the introduction of further evidence, making additional parties, or otherwise, then the court of appeals, instead of passing a final decree or order, shall order the cause to be remanded to the court from whose decision the appeal was taken, and thereupon such further proceedings shall there be had . . . as shall be necessary for determining the cause upon its merits, as if no appeal had been taken in the cause, and the decree or order appealed from had not been passed, . . ." The language of this section is entirely apposite to the appeal before us. We shall remand the case to permit amendment of the pleadings and the introduction of additional evidence directed to the issue presented by the amended pleadings.

The appellant objects here to the action of the court in adding Elijah Hackett as a party plaintiff. We think it well within the discretion of the chancellor, under Rule 17, to which we have referred, and indeed would be permitted on remand by the very language of the Code section which has been quoted above.

> *Case remanded without affirmance or reversal for further proceedings not inconsistent with this opinion, costs to abide the result.*