## STATE ROADS COMMISSION OF MARYLAND *v.* HUDSON ET UX.

[No. 159, October Term, 1955.]

*Decided May 4, 1956.*

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Joseph D. Buscher, Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *William B. Wheeler* and *Herbert L. Cohen, Special Attorneys,* on the brief, for the appellant.

*A. Slater Clarke* for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The State Roads Commission took this appeal from an order of the Circuit Court for Montgomery County passed on October 10, 1955, sustaining a demurrer to its bill of complaint. The bill alleged that the complainant had been induced to purchase a certain parcel of land at a price of $26,500.00, by reason of fraudulent and false representations made by the defendants that they had an executed contract with other persons for the purchase of the land at a price of $26,000.00. The bill prayed that the deed exhibited with the bill of complaint be set aside and the purchase price returned, and for other and further relief. The Chancellor expressed the view that the appellant was not justified in relying upon the alleged misrepresentation under the circumstances.

On March 20, 1956, the appellees filed a motion to dismiss the appeal, alleging that on March 15, 1956, the appellees took a deposition in this cause of Mr. Ben DuPre, former employee of the State Roads Commission. In this deposition the witness admitted that, while employed by the appellant in October, 1954, as Assistant Right of Way Engineer, he had arranged with one Gus Basiliko for the purchase of this property from its then owner, Mr. McKome, and its transfer to the appellees as "straw men". He also admitted that he falsely informed his superiors that he had negotiated with the Hudsons and that they had a contract to buy the property at a price of $26,000.00, whereas he had no negotiations whatever with them, and no knowledge of such a contract. He testified that the option to the appellant, purporting to be signed by the Hudsons, was in fact signed by Gus Basiliko.

On March 29, 1956, the appellant filed a petition and answer to the motion to dismiss the appeal, attaching a copy of the deposition referred to in the motion to dismiss. The petition prayed that the case be remanded without affirmance or reversal in order that amendments might be made and additional parties added. It opposed the dismissal of the appeal, although conceding that the factual basis, on which the allegations of

false representations by the appellees had been based, was now lacking.

We think the petition should be granted and the motion to dismiss the appeal should be denied. It would be inappropriate to review the court's ruling on demurrer, when the appellant no longer relies upon the facts alleged in the bill, and no justiciable controversy exists on the state of facts admitted by the demurrer. Cf. *Fallin v. Mayor, etc., of Baltimore,* 193 Md. 464, 471. On the other hand, the deposition does not entirely exonerate the appellees from complicity in the alleged fraud. It is not denied that the deed was executed by the appellees. Presumably the purchase money was paid to them or passed through their hands. Without passing on the merits of the case as presented on demurrer, we think the appellant should not be foreclosed from bringing in other parties and from keeping the appellees in the case as proper, if not necessary, parties to a proceeding to set the deed aside and recover the purchase price. We are authorized to remand a case if "the purposes of justice will be advanced by permitting further proceedings in the cause, either through amendment of any of the pleadings or the introduction of further evidence, making additional parties, or otherwise, * * *." Code (1951), Art. 5, sec. 42. See also Rule 17 of the General Equity Rules. Cf. *Lewis v. Snowden,* 204 Md. 583, and *Krauss v. Litman,* 189 Md. 394, 401. We think this is a proper case to exercise that authority. The case of *Smith v. Hooper,* 95 Md. 16, 33, is distinguishable, for there the motion to remand came after the case had been decided on the merits by this Court, and the alleged inaccuracy of the previously conceded facts was disputed. *Schneider v. Davis,* 194 Md. 316, 323, is likewise distinguishable, for there a remand was denied because of laches and because it would have involved the setting up of a new and different case upon an inconsistent theory. Here the theory of the case would not be altered by bringing in new parties, although the instigation of the alleged fraud may be traced to others and the purchase money may have passed into other hands.

Although it is argued that the costs of this appeal should be allowed to the appellees, we think the costs should abide

the ultimate result in the court below, in accordance with the established practice. *Smith v. Shaffer,* 50 Md. 132, 137; *B. & O. R. R. Co. v. Silbereisen,* 121 Md. 407, 421; *Lewis v. Snowden, supra.*

> *Case remanded without affirmance or reversal for further proceedings not inconsistent with this opinion, costs to abide the result.*