MARYLAND TRUST COMPANY ET AL. v.
TULIP REALTY CO. ET AL.

[No. 246, September Term, 1959.]

*Decided June 9, 1960.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Robert C. Prem,* with whom were *Carlyle Barton, Theodore R. Dankmeyer* and *Niles, Barton, Yost and Dankmeyer* on the brief, for the appellants.

*William J. Pittler* and *Albert L. Sklar*, with whom were *Theodore S. Miller* and *Sklar & Sullivan* on the brief, for the appellees.

PER CURIAM.

The first appeal in this case, reported in 220 Md. 399, was by Woodmoor Realty Corporation, Sedgemoor Realty Corporation and others from a decretal order of the Circuit Court for Baltimore County dated November 13, 1958. In order to accomplish its primary and fundamental purpose to effectively prevent passage by foot from Woodmoor's parking lot to Sedgemoor's supermarket building, the order, in the part here significant, ordered and directed Sedgemoor, Woodmoor, Ellis Myers, Paul Goodman, Abraham Goodman (stockholders of Sedgemoor and of Woodmoor) and each of them "to construct or cause to be constructed a page-type wire fence beginning at a point one foot east of the northwesterly corner of the building [Sedgemoor's building] and thence running westerly to the western boundary of the lot of ground of the Sedgemoor Realty Corporation, which wire fence shall not be less than five feet in height and which shall then extend in a southerly direction along the common boundary line between Sedgemoor Realty Corporation and Woodmoor Realty * * *". We held that (at p. 417 of 220 Md.) "[t]hat part of the decretal order which required the erection of a wire fence was proper and will be affirmed, but only Woodmoor should have been required or commanded to perform the action *specified* and Sedgemoor and the stockholders should have been forbidden to interfere with the action required of Woodmoor". [Emphasis supplied.]

The appellants, Maryland Trust Company, and Christopher Rupp and George Spurrier, Trustees, were parties to the case when the first appeal was taken and decided. Maryland Trust Company was a mortgagee of Sedgemoor and now is the owner of the supermarket building which it purchased at the foreclosure sale under its mortgage. It contends in the present appeal that the fence should not be constructed or stand on its property as the first order and the order passed after remand, which is now appealed from, both required as to some

eighteen feet of the fence. The second decretal order, now appealed from, repeated the pertinent language of the first order as follows:

> "Woodmoor Realty Corporation * * * is hereby ordered and directed to construct or cause to be constructed a page-type wire fence beginning at a point one foot east of the northwesterly corner of the building [the supermarket building now owned by Maryland Trust] and thence running westerly to the western boundary of the lot of ground of the Sedgemoor Realty Corporation, which wire fence shall not be less than five feet in height * * *".

It was further ordered that Sedgemoor, its stockholders, Maryland Trust, Rupp and Spurrier be "prohibited from interfering in any manner, either directly or otherwise, with the erection of said fence" by Woodmoor.

We think it plain that the affirmance of that part of the order of November 13, 1958, which required the erection of the fence as "specified"— to insure the accomplishment of the purpose of the order to prevent pedestrian passage from Woodmoor's parking lot to the supermarket building—settled the matter. The opinion on the point as to the parts of the first order quoted above became the law of the case and the repeating of the substance of that quoted language in the decree now appealed from not only was proper but was obligatory.

*Decree affirmed, with costs.*