BAYLESS *v.* MAYFIELD, SUBSTITUTED
TRUSTEE, ET AL.

[No. 153, September Term, 1960.]

*Decided February 20, 1961.*

The cause was argued before HENDERSON, HAMMOND. PRESCOTT, HORNEY and SYBERT, JJ.

360

*John D. Alexander,* with whom were *E. Thomas W. Stahl* and *Constable, Alexander & Daneker* on the brief, for appellant.

*Charles E. Hogg* and *Daniel M. Murray, Jr.,* with whom was *T. Hunt Mayfield* on the brief, for appellees.

PRESCOTT, J., delivered the opinion of the Court.

In this appeal, we are asked to reverse an order of the Circuit Court for Howard County, sustaining demurrers to the appellant's petition for the construction of the will of Corinne Clark Bayless, deceased. It will be unnecessary to set forth the terms of the will and the facts in full detail as they may be found in *Ledingham v. Bayless,* 218 Md. 108, 145 A. 2d 434.

Briefly summarized, they are as follows: Mrs. Bayless died testate in December of 1954. She devised Fairfield Farm to a trustee for the benefit of her three children: George E. S. Bayless, Jr., (Buddy), a one-half interest for life, William Hanna Bayless, II, the appellant, a one-fourth interest for life, and Corinne B. Ledingham, a one-fourth interest for life, with provisions with reference to the distribution of income upon the respective deaths of the children, and final distribution provisions to the children of Buddy and William (Corinne having no children). The will was admitted to probate on January 4, 1955.

Buddy, who is one of the appellees in this appeal, filed suit alleging that he was entitled to an undivided one-half absolute estate in the farm by reason of a contract to devise this interest to him. His amended bill requested a declaration stating that he was entitled to such an interest, that the contract be specifically enforced, and that a decree be passed for a partition of the farm. His sister and brother, their respective spouses, his own wife, and his brother's, and his own children were made parties.

On June 4, 1957, the Circuit Court passed a decree enforcing the contract and appointing a trustee to sell in lieu of partition. Whereupon, the appellant herein, his wife, his sister and the *Guardian ad Litem* for his infant children

appealed to this Court. We held that the contract to devise should be enforced, that is, that Buddy took a one-half absolute interest in the farm (instead of a life estate), and the farm should be sold in lieu of partition. In the opinion filed, the Court referred to the will of Mrs. Bayless, and remarked concerning the remaining one-half interest in the farm, "Under the decision we have reached, * * * his [Buddy's] brother and sister retain their interest in the half share."

Shortly after the opinion was filed, counsel, who represented all of the appellants in that appeal, filed a motion in this Court for amplification of the opinion. Among other things, it averred:

> "In order that as many of the further problems involved in this case may be, *with all of the parties in interest as parties to this proceeding,* put behind us as is possible, the appellants respectfully suggest that the statement 'his brother and sister retain their interests in the other half share' be amplified, in view of the fact that under the will distribution of income during their lifetime is an interest vested in them and in further view of the fact that *the ultimate distribution of corpus to William Hanna Bayless' children or descendants * * * will be affected by the decision."* (Italics supplied.)

This motion for amplification was granted, and the final opinion of the Court stated:

> "Under the decision we have reached, Buddy will take a one-half share of the farm outright, rather than for life. The share he takes was not bequeathed to anyone else. He was merely given a lesser interest in that share than called for by the contract, which was the situation in the *Wilson* case. His brother and sister retain their equitable life interests in the other half share; and Buddy has no interest in that half, although his children take a two-thirds interest therein, according to and on the terms of the Will of their grandmother. We think that the

one-third share of the personalty and the rest and residue, which his mother gave him in the 1954 will, were not intended to be in lieu of any rights that he had or that she intended to give him in the farm."

The opinion was amplified on November 19, 1958, and from that date until March 18, 1960, nothing further was done in the case, other than the appointment of a trustee to sell the farm. On March 18, 1960, the present appellant, who was one of the appellants in the previous case, filed his bill of complaint asking that Mrs. Bayless' will be construed. Demurrers to this bill were sustained, and this appeal resulted.

In his brief, the appellant apparently contends that this Court had no jurisdiction nor right to entertain nor to grant his motion for amplification; that the lower court in the former appeal did not construe Mrs. Bayless' will, hence, under Maryland Rule 885, this Court had no authority to do so; and that, although he sought a construction of the will by his motion, he does not intend to be bound thereby, and would prefer a "new" interpretation by the Circuit Court, which he hopes will be more to his liking.

The case is quite analogous to that of *Devecmon v. Shaw,* 70 Md. 219, 16 A. 645. There, Chief Judge Alvey had decided a case at *nisi prius.* He considered and determined a point, in construing a will, that the appellants contended was prematurely determined. In affirming the decision, Judge McSherry, for the Court, said:

"* * * Every person interested in any way under the will, in the estate was made a party; * * *. It is true the court might have declined to consider that question, but the appellants having themselves sought a construction of this part of the will in the Court below; and having on this appeal elaborately argued that the conclusion reached by the circuit court is erroneous; they are scarcely in a position to ask this court to reverse that portion of the decree, if it be otherwise correct, merely because it

was prematurely passed. They had the undoubted right to insist in the circuit court that the proper time for deciding what estate the daughter took had not arrived but they relied upon no such defence. On the contrary, they submitted all their rights to the court, and, by their own contention, invited a construction of that clause of the will. They have done the same thing in this court; but they insist here, that if this court should agree with the circuit court's construction, they are entitled to a reversal, upon the ground that the very question which they sought a decision upon ought not to have been decided at all. They have taken in both courts whatever chance they supposed there was to secure a construction favorable to themselves. They did this with full knowledge that the contingencies upon the happening of which, they would, under the will, be entitled to the property, had not occurred; but as the decision was adverse to them on the merits, they ask us, if we concur in the circuit court's interpretation of the will, to reverse the decree, because they were wrong in consenting that the court should, in anticipation of those contingencies, pass upon those merits, and the court was wrong in acceding to their request. No court can sanction any such practice as that."

Returning now to the instant case, and assuming, without deciding, that the Court transgressed the provisions of its Rule 885 by deciding a question not presented to the trial court, it affords the present appellant no standing in a proceeding of the present nature. He was a party to the former appeal. He was a moving party in the motion for amplification, and the Court had jurisdiction over the subject matter in litigation. If he were aggrieved by any action of the Court that went beyond the bounds set by Rule 885, he should have filed a motion for reargument in this Court, or a motion to modify the opinion. Not having done so, the ruling of this Court in the former appeal became the "law of the case," and is binding upon the litigants and the courts alike.

*Fidelity—Balto. Nat. Bank v. John Hancock Mut. Life Ins. Co.,* 217 Md. 367, 372, 142 A. 2d 796, and cases therein cited; *Lustine v. State Roads Comm.,* 221 Md. 322, 325, 157 A. 2d 456; *Maryland Trust Co. v. Tulip Realty Co.,* 222 Md. 516, 518, 161 A. 2d 439.

As early as 1854, this Court stated: "A decision by the Court of Appeals must be regarded as binding and final in all subsequent litigation between the same parties, and upon the same subject matter of controversy: and if an exposition of a will has been made, by which the title to property has been settled, that exposition should be deemed irrevocable as between the same parties and those claiming under them." *Mitchell v. Mitchell,* 6 Md. 224, 233.

*Order affirmed, with costs.*